## WHITEHURST, USE, &c. v. BOYD.

1. An undertaking in writing, by the defendant, to pay the plaintiff, as agent, several distinct sums of money, for a consideration therein expressed, at definite periods, *provided* the titles which the plaintiff, as agent, executed to him for a tract of land, were "good and sufficient," is a promise, subject to the condition expressed; and it is competent for the defendent, when sued for the money, to prove that the titles were not such as the condition contemplated.

2. *Semble;* where different instruments in writing are made at the same time between the same parties, and relating to the same subject matter, they constitute but one agreement, and the Court will presume such priority in their execution, as will best effect the intent of the parties.

3. Where a promissory note recites] that titles to the land had been executed by the vendor to the vendee, and undertakes to pay the purchase money if the title was good and sufficient, it is not enough that the conveyance be in due form; but the vendee may defeat a recovery if the *title itself* be not such as is provided for by the contract.

4. Where the contract of the parties requires that a deed, simultaneously executed, should convey a good title as a condition to the payment of the purchase money, the vendee, when sued, may plead that the title is in a third person.

5. A replication which answers the plea but in part, leaving a material part unanswered, is bad on demurrer.

Writ of Error to the Circuit Court of Macon.

THIS was an action of assumpsit, at the suit of the plaintiff in error. The declaration was upon three writings designated as promissory notes; the first of which is of the following tenor, viz: "On the first day of January, 1844, I promise to pay Seaborn J. Whitehurst, agent of James K. Giddins, six hundred dollars, for the east half of a section of land, in Macon couaty, Alabama, provided the titles executed to me by said agent are good and sufficient, and there be no incumbrance against the said land, by judgment, mortgage or any other incumbrance; which is the first of three equal annual payments. C. L. R. BOYD." The second is in all respects like this, save only, that it is payable on the first of January, 1844, and "is the second of three equal annual payments;" and the third only varies from the second in being payable on the first of January, 1845, and "is the third of three equal annual payments."

The first count avers that the half section of land to which the notes refer, is part of section thirty-six, in township sixteen, and

A

range twenty-two, lying in Macon county, and that the titles exe-
cuted therefor to the plaintiff, are good and sufficient, "free from
incumbrance, by judgment, mortgage or other incumbrance;"
and thence deduces the liability to pay.    There is added a second
count, in which the condition on which the payment was to be made
is wholly omitted ; and a third count, in which the notes are ful-
ly. described as in the first, with an averment that the defendant
immediately upon his purchase, went into the possession of the
premises, and still continues to occupy and cultivate the same.

   The defendant demurred to each count of the declaration, and
his demurrer being sustained to the third, and overruled to the
first and second, he pleaded—1. *Non assumpsit.*   2. That the
notes described in the second, are the same as those described
in the first count, and none others, admits that they were given in
consideration of the sale of the land in the first count mentioned,
by the plaintiff, as the agent of Jumes K. Giddins, avers that they
were only to be paid upon the contingency expressed upon their
face, and sets out a deed purporting to convey the land to the de-
fendant.    That deed is dated the 15th January, 1842, "between
Seaborn F. Whitehurst, agent of James K. Giddins, and C. L. R.
Boyd," &c.   " *Witnesseth*, that the said Seaborn F. Whitehurs-,
for and in consideration of the sum of eighteen hundred dollars,
to him in hand paid, at and before the sealing and delivery of
these presents, hath bargained and sold, and by these presents
doth bargain, sell and convey," &c.   Here follows a description
of the land, and the name of the defendant as grantee, and a gen-
eral warranty of title by Whitehurt, his heirs, executors, and ad-
ministrators and assigns, to the grantee, his heirs and assigns.
The plea then avers, that the plaintiff had no title to the land thus
conveyed at the time the deed bears date, or any subsequent
thereto ; but the title to the north east quarter of the section des-
cribed therein was, when the notes were made, and down to the
time of pleading, in James K. Giddens ; and the title to the other
quarter section then was, and still is, in S. M. Haggerty & Co,,
and this he is ready to verify, &c.

   To this plea the plaintiff replied, that admitting the notes in the
first and second counts of the declaration mentioned, are identi-
cal and correctly described in the plea, the deed therein set forth
was executed by the plaintiff in virtue of a power of attorney
from Giddins to him.   Here follows a formal power from Gid-

Whitehurst, use, &c. v. Boyd.

dins to the plaintiff, to sell, dispose of, and make and execute ti-
tles for the former, of the land described in the plea and convey-
ance, which purports to have been executed on the 12th Janua-
ry, 1842. The replication concluded with an averment that the
dced set out in the plea was good and sufficient. Thereupon the
defendant demurred.

The demurrer was overruled as to the plea, and sustained to
the replication. Whereupon the plaintiff declining to plead fur-
ther, the cause was submitted to a jury, who returned a verdict
for the defendant, and judgment was rendered accordingly.

Cocke, for the plaintiff in error, made the following points, viz:
1. The third count of the declaration is good, and the demurrer
to it should have been overruled. It has been repeatedly decid-
ed by this Court, that a purchaser of land cannot resist the pay-
ment of the purchase money for defects in the vendor's title, where
he has taken and retained the possession. [1' Stew. Rep. 490 ;
1 Ala. Rep. N. S. 136.] This is upon the ground that posses-
sion is beneficial, and he must seek redress by suing upon his
vendor's covenant. [6 Ala. Rep. 785 ; 7 Id. 71, 129, 346.]
True, in these cases, the respective stipulations of the vendor and
vendee were by distinct instruments ; but that can make no dif-
ference ; for they both evidence but a single contract. [1 Bing.
Rep. 196; 2 B. & A. Rep. 680 ; 5 Pick. Rep. 181, 395 ; 10 Id.
302.]

Where a deed is executed, the purchaser cannot resist the pay-
ment of the purchase money, although he never goes into pos-
session. [1 Ala. Rep. N. S. 273; 4 Id. 83.]

2. The 2d plea is bad—1. Because it does not negative the
averment of the declaration, that the conveyance was good and
sufficient. 2. Because it does not answer the second count,
which is itself good without noticing the condition upon which
payment is promised. [4 Mass. Rep. 414 ; 1 Ala. Rep. N. S.
136 ; Lockard v. Avery, et al. 8 Ala. Rep. 502.] 3. Because
it asserts a legal proposition which is in itself untenable, viz: that
the plaintiff was the grantor when he had no title to pass. "A
contract to give a sufficient deed, is fulfilled by a valid deed of
whatever title the contractor had." [12 Johns. Rep. 442 ; 16
Id. 268 ; 20 Id. 130 ; 15 Pick. Rep. 546.]

3. The replication is an answer to the plea in re-asserting that

the deed of conveyance was good and sufficient, and the issue tendered by it in accordance with the contract, as ascertained by a consideration of its nature, and all its parts. [8 Porter's Reports, 497.] Applying the rules of construction, and it is contended, that the word "titles" in the proviso means "deed"—"executed to me" means "signed, sealed and delivered." The deed being executed by an agent, it is fair to intend that in inserting the proviso, the purchaser merely designed to guard against a defect of authority in the agent, or in the form of the execution of the deed.

The deed is not only good and sufficient in form, but conveys whatever title Giddins had; but if this be not so, or the deed is not such as the contract contemplated, it is then insisted that the demurrer should not have been sustained, but it should have been left to the jury to say, whether, by instituting the action, Giddins did not adopt it as his own. [9 Porter's Rep. 305.]

McLester, for the defendant in error, insisted, that the third count of the declaration is bad, because it does not aver a performance of the condition upon which the writings declared on were made payable. [1 Chitty's Plead. 309-10-11; 10 Johns. Rep. 213; 20 Johns. Rep. 15.] These writings are not notes, but are conditional agreements, and such is the evident intent of the parties to them, as indicated by the terms employed. [9 Mass. Rep. 78.]

The deed made by the plaintiff, is his own deed, and not that of the person whose agent he affirms himself to be. [Sugden on Powers, 205; 9 Porter's Rep. 305; Fowler v. Shearer, 7 Mass. Rep. 14; 4 Hen. & Munf. Rep. 184.] It is perfectly clear, that the contract contemplated not merely a formal deed, but the conveyance of a good title. [Ellis v. Burden, 1 Ala. Rep. N. S. 458; 4 Ala. Rep. 21; 4 N. Hamp. Rep. 444; 11 Johns. Rep. 54; 14 Pick Rep. 293.] If one sells and conveys land which belongs to another, the purchaser subjects himself to an action of trespass, at the suit of the true owner, if he enter; hence although the vendee may not be able to defend at law for a defect in his vendor's title, yet he may resist a recovery for a total failure. A note for the purchase money of land is recoverable at law, if the vendor is in possession, where a bond has been executed for the conveyance of a title; because, there the doctrine

Whitehurst, use, &c. v. Boyd.

of independent covenants applies. [1 Salk. Rep. 172; 1 Ala. Rep. N. S. 138.]

The cases cited by the plaintiff's counsel, do not conflict with these views. The defence was disallowed in 20th Johns. Rep. 130, where the action was founded on a covenant; because, by a statute of N. York, a specialty could not be avoided, except for *illegality* of consideration. [See also, 2 Johns. Rep. 177.] In 11 Johns. Rep. 584, which was assumpsit for the breach of an agreement to purchase land, by the terms of the contract, the vendor and wife were to execute a deed, with warranty of title, upon the payment of a certain part of the purchase money; after the purchase, the vendee learned that there was a mortgage on the land, and refused to pay. It was held that defence could be made at law. The case in 4 Ala. Rep. 83, was, where the vendor undertook to make a title when patents should be received for the land; the notes for the purchase money being payable at certain prescribed times, were held to be recoverable at law, according to the terms of the contract—the vendee had agreed to risk the vendor's title when the patent issued.

COLLIER, C. J.—The writings declared on, present a case unlike any of those cited by the plaintiff's counsel. Here the defendant promises to pay to the plaintiff's agent, &c. certain sums of money, for a consideration expressed at definite periods; *provided*, the titles which the plaintiff, as agent, executed to him, are good and sufficient, &c. Now although times are prescribed when these payments shall be made, yet the defendant's undertaking is not absolute, but is subject to the condition we have stated; and though it may not be necessary to entitle the plaintiff to recover, that he should show that he conveyed a good title, and that the land was unincumbered, it is competent for the defendant to prove the reverse. He provided by the terms of his contract that the existence of either of such a state of things should prevent a liability from attaching, or absolve him from the undertaking to pay. We can conceive nothing in the nature of the agreement, or in the language in which it is expressed, that should prevent the Courts from giving effect to it according to the intention of the parties. ·

The rules by which the dependency or independency of covenants are to be determined, apply with all force to unsealed wri-

tings. In such cases the intent of the parties are said to extend a controlling influence ; and for the purpose of ascertaining this, regard must be had to the whole instrument—no particular form of words being necessary to constitute a test, whether the cove- nants are, or are not independent. [2 Pick. Rep. 451.] In Watts v. Sheppard, 2 Ala. Rep. 425, we said, that the first gen- eral principle in the construction of contracts, is, if possible to carry into effect the intention of the parties. To do this the *sub- ject matter* of the contract, the *situation* of the parties, the *mo- tives* that lead to it, and the *object* to be attained by it, are all to be looked to. *Further*, that such a construction must, if prac- ticable, be placed upon a contract, as will make every clause ope- rative. To the same effect see my opinion in Bates & Hines v. The State Bank, 2 Ala. Rep. 451 ; 2 Cow. Rep. 781 ; 3 Miss. Rep. 447 ; 1 Harring. Rep. 154.]

The case before us, bears no analogy to George & George v. Stockton, 1 Ala. Rep. 136, or any of our previous or subsequent decisions in which the same legal questions are discussed. In that case, it is said to have been " repeatedly adjudged, that the vendee of real estate, who has executed his note for the payment of the purchase money on a day certain, and received from the seller a bond conditioned to make title *generally*, cannot success- fully resist an action at law on the note, upon the ground that no title had been made." " This principle rests upon a rule which has been often applied to covenants, viz : when the money is to be paid at an appointed time, and the day of payment is to hap- pen, or may happen, before the thing which is the consideration of the payment of the money is to be performed, the performance of the thing is not a condition precedent to the right to demand the money." The condition of the bond in that case, it is true, was expressed in unusual terms, so as to leave its meaning open to construction. After describing the land, it stated the amount of the purchase money to be " four hundred dollars, payable on the 25th day of December next : now if the above bound John C. Stockton, shall make, or cause to be made, to the said James C. George, a good and equitable title to the above described land, *then* he, the said James C. George, shall pay the said sum of four hundred dollars, *then* the above obligation to be void, otherwise to remain in full force and virtue." We were of opinion, that considering the note and bond, as evidencing but a single con-

tract, the making the title was not a condition precedent, to the right to demand the payment of the note. See also, 1 Chit. Pl. 315 ; 2 Blacks. Rep. 1313 ; Willes' Rep. 146, 496.

It is unquestionably true, that where different instruments of writing are made at the same time, between the same parties, and relating to the same subject matter, they constitute but one agreement ; and the Court will presume such priority in their execution, as will best effect the intent of the parties. [3 Mass. Rep. 138 ; 9 Cowen's Rep. 274; 5 Pick. Rep. 395 ; 10 Id. 250, 302 ; 13 Wend. Rep. 114; 10 Mass. Rep. 327, 379 ; 11 Id. 302.] And it may be added that such instruments are to be construed together. [5 Pick. Rep. 181, 395; 10 Pick. Rep. 298 ; 13 Mass. Rep. 87.] But this proves nothing adverse to the defence set up in the present case. Here, although the defendant promised to pay upon certain days, yet he limited his liability by a *proviso*, which we have already stated, and said that the existence of the state of things against which it guarded would furnish a bar to the action. See the Bank of Columbia v. Hagner, 1 Peter's Rep. 465.

An undertaking to convey a title, it has been held, means a legal title ; and where the right to demand the purchase money is dependent thereupon, the convepance of such a title is a conidtion precedent. [Clute v. Robinson, 2 Johns. Rep. 613 ; 10 Id. 266 ; 3 Munf. Rep. 159 ; 6 Id. 170 ; 12 Johns. Rep. 436 ; Wright's Rep. 644 ; 1 Blackf. Rep. 380 ; 2 Greenl. Rep. 22 ; 2 Sergt. & R. Rep. 498.]

It is argued for the plaintiff that the *proviso* in the writing declared on, is in effect nothing more than an undertaking to execute a " good and sufficient" deed of conveyance, and that the issue which it was proposed by the declaration and replication to form, narrowed the inquiry to the sufficiency of the deed, in point of form. We will not stop to inquire whether a covenant to execute a deed of that character, refers merely to the deed and not the title ; and is consequently performed by the delivery of a formal conveyance. However this may be, we think it perfectly clear the case at bar does not come within the influence of such a principle. Here the writings recite that the deed was already executed, and the defendants object was to be secure in the payment of the money, by reserving to himself the right to scan the title, which the plaintiff had undertaken to convey, and if it

should be found to be defective, or incumbered, then to withhold the purchase money. The language employed, and the obvious purpose of the *proviso* all speak such to have been its meaning.

In respect to the insufficiency of the deed to convey the legal title of the plaintiff's principal, we need not inquire, since the plea alledges that the title to one quarter section of the land which it undertook to convey, was not in Giddins when the deed was executed, but was then, and had been ever since, in Messrs. Hagerty & Co. This plea, if true, is an answer to the action, and in the state of the pleadings, its truth is not open to contestation. The view taken shows that the replication is bad; it answers the plea but in part, by asserting that the deed was executed under a power, which is set out *in extenso*, and thence concluding that it is " good and sufficient;" while it leaves unanswered the allegation of Giddins' want of title.

If the vendor cannot make a good title so as to authorize him to demand the purchase money, perhaps a Court of Chancery is competent to administer relief, so far as may be compatible with the contract of the parties, and in harmony with the justice of the case. But we will not undertake to prescribe a remedy. The decision of this cause does not require it.

It remains but to add, that the judgment of the Circuit Court is affirmed.