## POWELL v. ALLRED.

1. When land is conveyed by a deed which is not registered, but the purchaser enters and holds under the deed for several years, after which a stranger enters on the possession and holds without any connection with the title, these facts are sufficient notice to prevent a lien from attaching to the land by a judgment obtained against the vendor of the land six years after his sale and conveyance, and a purchaser under the judgment obtains no title, being charged with notice by the outstanding possession existing at the time of his purchase.

Writ of Error from the Circuit Court of Jefferson.

THE action is trespass *qu. fre.* to try titles to a tract of land described in the declaration. At the trial, both parties deduced title from the same source, one Tannehill. The plaintiff, Powell, showed a judgment in the circuit court of Blount, rendered in 1839 against Tannehill, and a sale by virtue of an execution thereon, as well as the sheriff's deed, executed 5th November, 1845. The defendant, Allred, offered a deed from Tannehill to one Gillaspie, executed 31st December, 1833. The plaintiff objected to this, on the ground it never had been recorded, but the court, notwithstanding, admitted it. The defendant then proved a deed from Gillaspie to one Esther W. Harrison, and also proved she was the wife of one Greenberry H., who for some years before the date of the deed, had left this State and gone to Texas. The defendant also proved, that at the time of the execution of the deed by Tannehill to Gillaspie, the former abandoned the possession, and the latter took possession under the deed, and remained in possession some four or five years, and until the execution of the deed to Mrs. Harrison. At that time another Gillaspie went into possession, and so remained for some four or five years, when the defendant entered, and has continued in possession ever since.

On this state of proof, the plaintiff asked the court to

Powell v. Allred.

charge the jury, that if the deed from Tannehill to Gillaspie was not recorded before the rendition of the judgment under which his title to the land was sold, and the plaintiff had no actual notice of the deed, then the verdict should be for the plaintiff. This was refused, and the charge given, that if Tannehill went out of possession when he executed the deed, and Gillaspie entered under the deed and so remained for four or five years, and that Tannehill had never since been in possession, this was constructive notice, and the deed good, although unrecorded.

The plaintiff excepted to the several rulings of the court, and they are now assigned as error.

ERNEST, for the plaintiff in error, cited 8 Ala. Rep. 866; 4 Rand. 174; 3 Ala. Rep. 458; 4 Ib. 263.

W. S. MUDD, contra, cited Davis v. Blunt, 6 Mass. R. 487; Jackson v. Town, 4 Cowan, 599; Tuttle v. Jackson, 6 Wend. 213; Jackson v. Post, 15 Ib. 593; Harris v. Carter, 3 Stew. 232; Morgan v. Morgan, Ib. 383; Fenno v. Sayre, 3 Ala. Rep. 471; Scroggin v. McDougald, 8 Ib. 381.

GOLDTHWAITE, J.—In Daniel v. Sorrells, 9 Ala. Rep. 436, the precise question decided was, that the title of the sheriff's vendee was superior to that of a previous purchaser from the judgment debtor in consequence of the neglect to register his deed within six months from its execution, or before the judgment lien attached. We also held, that notice to the sheriff's vendee of the previous deed from the debtor, did not render his title defective, as it was not shown the creditor himself had notice. We arrived at the conclusion, that a creditor was as much within the protection of the registration acts as a purchaser, not because unregistered deeds are expressly declared void as to creditors, but because the later enactments speak of creditors and purchasers as having the same rights, though the object of those enactments was chiefly to open the time for registration. To carry construction further, and hold that creditors are placed on a different footing than purchasers, would in our judgment be without warrant.

In the case before us now, it will be seen the judgment debtor, some six years before the judgment was rendered, had sold the land in question and parted with the occupancy; after this, the land was held under his deed for some four or five years. The deed however was never registered, nor is it shown that those in possession at the time of the judgment or of the sale under it, are connected with title made by the unregistered deed, although at both these periods the land was occupied by persons having no connection with the judgment debtor. The question is, are these circumstances, or any of them, constructive notice to the plaintiff of the unregistered deed.

We have previously said that there was no warrant by our statutes to put creditors on a different footing from purchasers, and it is such of the latter only as are so *bona fide* and without notice, that the statute protects. Actual notice is not pretended, but the settled law of this, as of most other courts, that possession under the unregistered deed, is constructive notice sufficient to satisfy the terms of the statutes. [Scroggins v. McDougald, 8 Ala. Rep. 381, and cases there cited.]

It docs not appear in this case that possession was held under the unregistered deed, though it is clear it was not held under the judgment debtor. The fair inference is, the party in possession was a mere intruder on the estate of Mrs. Harrison; and thus the question is narrowed to the inquiry whether such a possession is notice to the plaintiff, whether we consider his rights as a judgment creditor, or as a *bona fide* purchaser under the judgment debtor, through the medium of the sheriff's sale.

We have been unable to find any decision bearing directly on this point, but on principle, we cannot perceive why the possession of a mere trespasser will invest a judgment creditor with rights, which he could not have if the purchaser under the unregistered deed had retained possession. If the present defendant has wrongfully entered, why should that produce the effect to defeat the title of Mrs. Harrison? It is impossible for the most vigilant owner of lands, if he resides at a distance from them, to prevent the unauthorized intrusion of others, and it would be a most severe penalty, if his

omission of vigilance could enable the creditor of a former owner to take advantage of this to sell the land. So, too, the circumstance that a judgment is obtained and the land sold during the continuance of such an intrusion, cannot in our judgment invest the creditor or purchaser with other rights than he would have against the rightful possessor. It is the well settled rule of the English courts as well as our own, that possession out of the vendor and held by another is sufficient to put a purchaser on the inquiry. When he has sufficient information to lead him to a fact, he shall be deemed to know such fact. [Atkinson on Marketable Titles, 573; Morgan v. Morgan, 3 Stew. 383; Scroggin v. McDougald, 8 Ala. Rep. 381.] If inquiry had been made of the person in possession, it is highly improbable it would have resulted in any thing but complete information; and, although the rule just referred to is usually stated in connection with tenancies and equitable titles, we do not doubt its application to all cases where there is an actual possession held by any other person than his whose title is purchased, even if that possession is by a mere intruder.

The statutes of registration were intended to prevent *bona fide* creditors and purchasers from being injured by secret conveyances not discoverable by the exercise of ordinary diligence; but to extend them so as to authorize either creditor or purchaser to shelter himself, under the pretence of having been deceived, when the person whose title he claims to have changed by a lien, or from whom he purchases, has been out of possession for more than thirteen years, and when, during all that time, the land has been possessed by others not claiming a title for him, would in our judgment be repugnant to the principles which produced these enactments.

We think there was no error in the ruling of the circuit court. Judgment affirmed.