Strickland v. Nance.

## STRICKLAND *vs.* NANCE.

1. One who is in the possession of land before the rendition of a judgment under which it is afterwards sold, may protect himself against the purchaser at the sheriff's sale, by showing his own possession and an unregistered deed executed by the judgment debtor prior to the rendition of the judgment, although he does not connect himself in any manner with the deed, or show that he claims under it.

ERROR to the Circuit Court of Dallas. Tried before the Hon. Geo. Goldthwaite.

G. W. GAYLE, for plaintiff in error :

1. If Strickland, after his purchase, had gotten peaceable possession of the land, the defendant, Nance, could not have re-

16

covered against his *documentary* title. Then why defeat an action upon the same facts? The rule should work both ways.—See Hallett v. Eslava, 2 Stew. 115.

2. A sheriff's deed is conclusive, except for fraud in its execution.—Love & Williams v. Powell, 5 Ala. 58.

3. If it were shown that Boswell ever had *actual possession* after his purchase from White, the case might likely be affirmed on the authority of Powell v. Allred, 11 Ala. 318. But all the reasoning of that case is in favor of reversal, when actual possession had not been taken by the vendee of the unregistered deed. The bill of exceptions is silent on that subject, but it is true that there was no proof of it, and I respectfully suggest that the doctrine of Mallory v. Stodder, 6 Ala., 801, that " a bill of exceptions must always be taken most strongly against the party excepting, for the reason that it is supposed to be prepared by his counsel," is false in practice, and ought to be overruled. This doctrine allows of great fraud upon the excepting party, for it is the experience of every practicing lawyer, that before a bill of exceptions is complete, it is made the work of the judge, and the party who gains the case below. The doctrine should be that " a bill of exceptions shall be construed most strongly against the party who gains the case below, because he and the judge generally make up the bill of exceptions." But there was no proof of Boswell's actual possession, and the question arises, how could the possession of a "squatter" be notice to plaintiff of title in Boswell? Suppose, before sale, plaintiff had gone to Nance and inquired after the owner, could Nance have given information? Boswell's deed was never recorded; he was never in possession from 1827 up to trial, and Nance would have been as ignorant as the purchaser.—See Powell v. Allred, 11 Ala. 318; Scroggins v. McDougal, 8 Ala. 381; Daniel v. Sorrell, 9 Ala. 436; King v. Crocheron, 14 Ala. 822.

4. White being a non-resident, Gayle, his attorney, was liable for costs under our statute, and consequently directed the levy. Nance cannot complain, because he was a squatter, and upon return of execution "no property," against White, he would have also been liable for costs.—See Clay's Dig. 316 § 23.

Lapsley & Hunter, *contra:*

1. It was clearly competent for the defendant to protect his

Strickland v. Nance.

possession by an outstanding title in another.—Adams on Ej., 32 and 33; Avent v. Read, 2 Por. R. 480, and other cases in our reports.

2. The deed from patentee to Boswell, together with the possession in the defendant, did make out a complete outstanding title, as completely as if due record of the deed had been proved. —Morgan v. Morgan, 3 Stew. R. 383.

3. It may be said that the possession should have been by Boswell, to whom the deed was made. Not so. The reason of the rule is "that the possession should put every person upon inquiry as to the title." Any actual possession existing when a man buys is sufficient to put him upon that inquiry, and when once put upon the inquiry, he is chargeable with full knowledge of the state of the title.

4. But independent of the defence of outstanding title, the plaintiff's title was destroyed by proving the patentee's deed and possession of defendant existing when the plaintiff purchased it at sheriff's sale under an execution against the patentee. Such a purchaser can only recover when he shows that the defendant in execution had the actual possession or the legal title at the time of the sheriff's sale. It was therefore wholly immaterial whether the defendant had any title.—Brock v. Younge, 4 Ala. 584.

DARGAN, C. J.—This was an action of trespass to try titles to a tract of land described in the declaration. To make out his title the plaintiff showed that the land had been granted by the government of the United States to Thomas White, in the year 1825. He further showed a judgment against White, rendered in the year 1849, on which an execution issued, and had been levied on the land in question. He also showed a sale and a deed from the sheriff. The defendant introduced a deed from Thomas White to William Boswell, dated in 1827, and proved its execution, but this d ed never was recorded. He also proved that he had been in the quiet possession of the land for several years previous to the rendition of the judgment under which the land was sold, and had continued in the possession up to the trial. The court charged the jury, that if they believed the deed from White to Boswell was duly executed, and that the defendant was in possession of the land pre-

vious to the rendition of the judgment, and had continued in possession up. to the time of trial, the plaintiff could not recover.

It may be remarked that the evidence does not show in what manner the defendant held the land, or how he obtained possession; whether he claims under Boswell,. or not,. we are not informed. To my mind it is difficult to perceive how this possession can supersede the necessity of the registration of the deed. But in the case of Powell v. Allred, 11 Ala. 318, this court held, that the mere naked possession of one prior to. the rendition of. the judgment under which the land was sold,. was sufficient notice of an unregistered deed, although the party in possession did not in any manner connect himself with the deed,. or show that he claimed under it. Before we can reverse this judgment, we must overrule this decision, which is directly in point. But as it is one involving the construction of our registry acts, and affecting titles to property, we think it best to adhere to it, although we may not be satisfied with the reasoning on which it is. placed.

Let the judgment be affirmed.