# Tutwiler *v.* Montgomery.

*Statutory Real Action in the Nature of Ejectment.*

1. *Statutes of registration; what parties protected by.*—The purpose of statutes of registration is the protection of innocent purchasers and creditors against secret or unknown conveyances, and it is only as to them unregistered conveyances are avoided; as between the parties, and

73 263
93 195

73 263
102 310

73 263
105 451

73 263
115 567

73 263
129 291

73 263
137 275

[Tutwiler v. Montgomery.]

as to all others than the creditors or purchasers designated in the statute such conveyances are valid and operative.

2.  *Same; only judgment creditors protected by.*—The only class of creditors now protected by the statute against unregistered conveyances of land, whether absolute or conditional, are judgment creditors; and they are protected although they may not have acquired a lien by the issue of execution.

3.  *Notice as effectual as registration.*—Notice; actual or constructive, is as effectual as registration to render a conveyance valid and operative as against creditors, purchasers, or mortgagees.

4.  *What operates as constructive notice.*—Where a party has knowledge or information of a fact which ought to have elicted inquiry, he must be deemed to have notice of all facts to which the inquiry, if he had pursued it, would have led him.

5.  *Possession of land; when notice of unrecorded deed.*—The possession of land by the grantee in an unregistered conveyance, in person or by his tenants, being a visible sign of ownership, which would put a prudent man upon inquiry as to the right in which it is claimed, operates as notice of the conveyance, protecting it against creditors, purchasers, or mortgagees.

6.  *When creditor not protected against unregistered conveyance.*—Where lands of a defendant in execution were sold under the execution by the sheriff, and, at the time of the sale, the lands were not in the possession of the defendant, but in the possession of tenants of his vendee under a prior unrecorded deed, the want of possession in him was a fact which ought to have put the purchaser on inquiry; and if he did not make inquiry, his negligence can not entitle him to claim protection against the unrecorded deed, of which the inquiry would have given information.

APPEAL from Greene Circuit Court.

Tried before Hon. WM. S. MUDD.

This was a statutory real action in the nature of ejectment, brought by H. A. Tutwiler against D. M. Montgomery and Amos Horton; was commenced on 18th January, 1881; and was tried on issue joined on the plea of not guilty, the trial resulting in a verdict and judgment for the defendants. Both parties claimed title through A. S. Steele.

The plaintiff's evidence tended to show that on 10th day of November, 1873, S. P. Steele, as administrator of the estate of Tobias Cox, deceased, made a final settlement of his administration on said estate in the probate court of Greene county, whereon decrees were duly rendered against him in favor of the distributees, Martha F. Tutwiler, and H. A. Tutwiler, her husband, and Carrie T. Cox, a minor, by her guardian *ad litem*, for the balance ascertained to be in his hands as such administrator; that executions having been issued on said decrees against the administrator and returned "no property found," executions were, on 15th January, 1874, duly issued thereon against said administrator and A. S. Steele, the surety on his administration bond, which were, in the morning of the same day, placed in the hands of the sheriff of said county, and by him afterwards levied on the lands sued for; and that on 2d March, 1874, said lands were duly sold and conveyed by the sheriff under said execu-

tions to the plaintiff. It was also shown that Martha F. Tut-wiler, her husband and Carrie T. Cox resided in Texas prior to July 21st, 1873, and they have since continued to reside there; and that the latter was still a minor.

The defendants' chain of title was as follows: (1) A deed of bargain and sale from A. S. Steele and wife to John L. Jones & Co. and defendants, executed on 21st of July, 1873, but which was not filed for record until in the afternoon of the 15th January. 1874, after said executions against A. S. Steele had been issued and placed in the hands of the sheriff; (2) a deed of bargain and sale from the grantees in the deed last above mentioned to P. M. Steele, executed on 26th June, 1876, and filed for record on 27th January, 1881; and (3) a deed of bargain and sale from P. M. Steele and her husband, A. S. Steele, to the defendants, executed on 16th February, 1878, and filed for record on 6th May, 1878. These deeds "were shown to have been *bona fide,* and based on valuable considerations." Evidence was also introduced by the defendants tending to show that "said A. S. Steele had never lived on or near said lands, but rented them out yearly; that defendants and said Jones & Co. took possession thereof under their said deed in July, 1873, and they and said A. S. Steele gave notice to the tenants then on the lands, who had rented the same for that year from said Steele, that defendants and said Jones & Co. had bought said lands from said Steele, and were the owners thereof; that said tenants attorned to said Jones & Co. and defendants, and remained on the lands as their tenants to the end of that year, and paid to them the rents of said lands for that year; and, on 1st January, 1874, they made a new contract with said Jones & Co. and defendants for the rent of said lands for the year 1874, and remained on the lands, as their tenants, the whole of that year, and continuously thereafter until the sale to P. M. Steele in 1876; that the possession of said tenants, during all said years, was open and visible;" and that "after July 21st, 1873, said A. S. Steele ceased to manage or control said lands in any way, and J. L. Jones, for Jones & Co., and defendants, took charge and control of the same, and openly and frequently made visits to, and looked after the same during the year 1873, after said purchase." J. L. Jones was a member of the firm of Jones & Co.

The circuit court, in its general charge, instructed the jury, in substance, that the testimony introduced on behalf of the defendants, if believed by them, disclosed facts which would operate as notice to the plaintiff of the deed made by Steele and wife to Jones & Co. and the defendants on 21st July, 1873, and would protect the title acquired by them against the execution and sale under which the plaintiff claimed. To this in-

struction the plaintiff excepted, and also to the refusal of the court to give the following charge requested by him in writing: "That if the jury find from the evidence, that the plaintiffs in the executions under and by virtue of which the sheriff levied on and sold said lands, were non-residents of Alabama, and that Carrie T. Cox was a minor, at and before July 21st, 1873, and up to the 15th January, 1874, and had no actual notice of any change of possession of said lands between the 21st July, 1873, and the 15th January, 1874, then the deed from Steele and wife to Montgomery and Horton and J. L. Jones & Co. is inoperative and void as to the plaintiff in this action ; and that the plaintiff is entitled to recover."

The rulings above noted are here assigned as error.

WEBB & TUTWILER and W. P. WEBB, for appellant. (1) The notice of the unrecorded deed, read or given on day of sheriff's sale, before plaintiff purchased, will not avail defendants, if they were without notice when the execution issued. Code of 1876, § 2166 ; *Wood v. Lake*, 62 Ala. 489 ; *Daniel v. Sorrell*, 9 Ala. 436 ; 27 Ala. 155 ; 1 Brick. Dig., p. 546, § 245. (2) It is not contended that plaintiff had actual notice ; but constructive notice merely, arising from the attornment to them by plaintiff's tenants, is relied on. This was insufficient. On this point the following authorities cited and discussed : Story's Eq. Jur. § 399 ; *Williamson v. Brown*, 15 N. Y. 354 ; *Fair v. Stevenot*, 29 Cal. 488 ; Wade on Notice, § 281 ; *Dey v. Dunham*, 2 John. Ch. 182 ; Cen. Law Journ., vol. 14, p. 142 ; *Coleman v. Barklew*, 27 N. J. (L.) 359 ; *Holmes v. Stout*, 10 N. J. (Eq.) 419 ; *McMechan v. Griffing*, 3 Pick. 154 ; *Hewes v. Wiswell*, 8 Greenl. 98 ; Amer. Notes to *Le Neve v. Le Neve*, Lead. Cases in Equity (Ed. of 1852), pp. 113–120 ; *Ib.* (Ed. of 1877), p. 188 of vol. 2, Pt. 1 ; *Veazie v. Parker*, 23 Me. 170 ; *Jaques v. Weeks*, 7 Watts, 261 ; *Flagg v. Mann*, 2 Sum. 486 ; *Beatie v. Butler*, 21 Mo. 313 ; *Harris v. Carter*, 3 Stew. 233 ; *Scroggins' case*, 8 Ala. 384 ; *McCaskle v. Amarine*, 12 Ala. 21 ; *Brewer v. Brewer*, 19 Ala. 489 ; *Powell v. Allred*, 11 Ala. 318 ; *Holmes v. Stout*, 10 N. J. (Eq.) 419 ; 37 N. H. 346 ; 1 R. I. 125 ; 8 N. H. 264 ; *Henderson v. Warner*, 2 H. & G. 415 ; *Jackson v. Van Valkenburgh*, 8 Cowen, 260 ; *Jolland v. Stainbridge*, 3 Vesey, 478 ; *Pendleton v. Fay*, 2 Paige, 205. (3) But it is contended that the distributees of Cox were not judgment creditors of A. S. Steele, on the authority of *Smith v. Jackson*, 56 Ala. 25 ; and that, therefore, they are not protected against dormant conveyances. We respectfully submit that the case of *Smith v. Jackson, supra,* is not sustained by the reasoning in *Jewett v. Hoogland*, 30 Ala. 719, the case cited in its support. This point discussed.

[Tutwiler v. Montgomery.]

E. MORGAN and HEAD & BUTLER, *contra*. (1) The appellant does not question the correctness of the general rule, that possession of a vendee, under an unregistered deed, is constructive notice of the deed. It is fully recognized by the following authorities: *Harris v. Carter*, 3 Stew. 233; *Fenno v. Sayre*, 3 Ala. 458; *Scroggins v. McDougald*, 8 Ala. 382; *Smith v. Zurcher*, 9 Ala. 208; *Powell v. Allred*, 11 Ala. 318; *Burt v. Cassety*, 12 Ala. 734; *McCaskle v. Amarine*, 12 Ala. 17; *Brewer v. Brewer*, 19 Ala. 481; *Burns v. Taylor*, 23 Ala. 255; *Phillips v. Costley*, 40 Ala. 486. (2) But the appellant contends that the possession of a *tenant* of the vendee is not notice. The following authorities show that such a possession is notice to the same extent as if the vendee himself were in possession.—*Harris v. Carter*, 3 Stew. 233; *Scroggins v. McDougald*, 8 Ala. 382; *McCaskle v. Amarine* 12 Ala. 17; *Brewer v. Brewer*, 19 Ala. 481, and authorities cited; *Powell v. Allred*, 11 Ala. 318. (3) The fact that the plaintiffs in execution were residents of Texas, and one of them a minor, can make no difference. Constructive notice operates upon all alike. If absent, they should have had an agent; and the rights of the minor were attended to by a next friend or guardian *ad litem*. (4) The plaintiffs in execution were not judgment creditors.—*Smith v. Jackson*, 56 Ala. 25. They were, therefore, not protected by the statutes of registration, whether they had constructive notice or not.—*Preston & Stetson v. McMillan*, 58 Ala. pp. 92 and 93.

BRICKELL, C. J.—The purpose of statutes of registration is the protection of innocent purchasers and creditors against secret or unknown conveyances, and it is only as to them unregistered conveyances are avoided. As between the parties, and as to all others than the creditors or purchasers designated in the statute, unregistered conveyances are valid and operative. The statutes, prior to the Code, pronounced an unregistered conveyance of land, whether absolute or conditional, void as to subsequent purchasers for value, mortgagees, and creditors, not having notice of it. The general term *creditors* was employed, but the term was not construed to embrace creditors at large, who had not reduced their demand to judgment, or otherwise acquired a lien. It comprehended only judgment creditors, or creditors who had by legal or equitable process acquired a lien, and had a consequent right to enforce the appropriation of the lands to the payment of their debts.—1 Brick. Dig. 546, § 241. The term *creditors*, having this well defined and known signification, was omitted from the sections of the Code referring to the registration of conveyances of lands, and for it is substituted the term *judgment creditors*,

though the statutes giving to judgments a lien on lands were omitted. The consequence is, that the only class of creditors now protected by the statutes against unregistered conveyances of lands, whether absolute or conditional, are *judgment creditors*, and they are protected though they may not have acquired a lien by the issue of execution.— *Wood v. Lake*, 62 Ala. 489. Whether the plaintiffs in the execution under which the premises in controversy were sold, can be regarded as *judgment creditors*, entitled to protection against the conveyance under which the appellees derive title, and which was not registered at the time a lien was acquired by the issue of executions, is a grave question which we do not find it necessary now to decide.—*Smith v. Jackson*, 56 Ala. 25.

Notice is as effectual as registration to render a conveyance valid and operative as against creditors, purchasers, or mortgagees; for it is only to afford notice that registration is required. The notice may be actual or constructive; and the possession of a grantee in an unregistered conveyance, by himself or his tenants, operates as notice, because it is a fact, a visible sign of ownership, which would put a prudent man upon inquiry as to the right in which it is claimed.—1 Brick. Dig. 546, § 243. In *Harris v. Carter*, 3 Stew. 238, it is said: "When one purchases real estate under circumstances which should put him upon inquiry as to the title of him whose interest he purchases, he stands in the same situation as if he had actual notice of any incumbrance upon it, or of any transfer of right." A purchaser at sheriff's sale of lands of which the defendant in execution was not in possession, was held chargeable with notice of the equities and rights of the party having possession. In *Morgan v. Morgan*, 3 Stew. 383, it was said, that possession of lands is a fact which should put every man, ordinarily cautious, upon inquiry as to the title. In *Fenno v. Sayre*, 3 Ala. 471, it was said by C. J. Collier, that "possession is a fact, which should induce one to inquire whether the possessor has title, and if he has incumbered it. It gives to one proposing to purchase sufficient information to enable him to examine understandingly into the state of the title; and whether the purchaser prosecuted the inquiry or not, he is chargeable with notice." In *Scroggins v. McDougald*, 8 Ala. 384, it was said by Goldthwaite, J.: "It is laid down very generally in the books, that whatever is sufficient to put the purchaser upon inquiry, is good constructive notice. It is difficult to conceive what circumstance can be more strong to induce inquiry, than the fact that the vendor is out of possession and another is in. . . . . . In the American courts, the rule is very generally recognized, that if a vendee is in possession of lands, a subsequent purchaser or mortgagee has constructive notice of his

[Tutwiler v. Montgomery.]

equitable right." In *Powell v. Allred*, 11 Ala. 318, the possession of a mere intruder was declared to be a fact which ought to put a judgment creditor and a purchaser at sheriff's sale upon inquiry, and would charge them with notice of an unregistered conveyance made by the judgment debtor. In all our decisions upon the question, the possession of lands is regarded as constructive notice of the right, title, or equity of the party in whom it resides. If it is taken and held under an unrecorded conveyance of the legal estate, it is regarded as the equivalent of registration, supplies its absence, and renders the conveyance valid and operative as against creditors, or purchasers, or mortgagees.—*Brunson & Wife v. Brooks*, 68 Ala. 248; *Burt v. Cassety*, 12 Ala. 734; *McCaskle v. Amarine, Ib.* 17; *Smith v. Zurcher*, 9 Ala. 208; *Strickland v. Nance*, 19 Ala. 233. The defendant in execution never was in possession of the lands—the possession was through tenants leasing from him, until he made the conveyance under which the appellees claim title. These tenants immediately attorned to the grantees, and, on the expiration of the term for which they had leased, entered into a new lease for another term, before the issue of the execution against the grantor. The possession was open, visible, unequivocal, and it is difficult to conceive a fact better calculated to put a party having an interest upon inquiry, than the want of actual possession in his vendor or debtor, and the enjoyment of possession by others. If inquiry had been made, there is no room for doubt that it would have led to full information of the state of the title. The plaintiffs in execution and the appellant stand in the situation of parties who had knowledge or information of a fact which ought to have elicited inquiry, and must be deemed to have notice of all facts to which inquiry, if they had pursued it, would have led them.—*Powell v. Allred, supra*; *Scroggins v. McDougald, supra*.

We know that by the common law livery of seizin was essential to the creation of freehold estates in lands. The livery was simply an open, public, notorious transmutation of the possession, and possession then became a visible sign of ownership, and yet remains *prima facie* evidence of a legal estate which will support ejectment against all who can not show a better and higher evidence of title.—*Badger v. Lyon*, 7 Ala. 564. A purchaser of an unquestioned legal estate, if he would protect himself against equities or trusts to which it is subject, must not only plead and prove that he paid value, but also that his vendor was in possession claiming to be seized of the legal estate. The want of possession in the vendor is as fatal to his plea for protection, as the absence of a valuable consideration, or a denial of notice.—*Moore v. Clay*, 7 Ala. 742; *Daniels v.*

[Mason v. Alabama Iron Company.]

*Davison,* 16 Vesey, 252; *Jackson v. Rowe,* 4 Russell, 514. ·Neither a purchaser, nor a creditor can affirm that, with just confidence, he acquired title to, or a lien upon lands, of which his vendor or debtor had not possession. The want of possession is a fact which must excite inquiry, especially when the title he claims entitles him to immediate possession. We do not pause to inquire whether our former decisions have not attached to the want of actual possession in a vendor, or in a judgment debtor, a higher importance than is attached to it elsewhere. That may be true, but, as was observed by Dargan · C. J., in *Strickland v. Nance,* 19 Ala. 233, they affect titles to property, and we must adhere to them, though he was not satisfied with the reasoning upon which they rest. The want of possession in the defendant in execution, under whom the appellant deduces title, was a fact which ought to have put him on inquiry. If he did not make inquiry, his negligence can not entitle him to claim protection against the title of the appellees, of which inquiry would have given information.

We do not perceive any error in the rulings of the circuit court, and the judgment must be affirmed.