## Sloss-Sheffield S. & I. Co. *v.* Taff, *et al.*

### *Ejectment.*

(Decided February 17, 1912. Rehearing denied June 29, 1912.
59 South. 658.)

1. *Descent and Distribution; Solvency.*—Where it did not appear that intestate, who died in 1874, was insolvent, the presumption is that his estate was solvent, and his lands vested in his children as his heirs, subject to the widow's right as such, and her right, under Acts 1872-3, p. 64, to retain possession, along with the children, of the household, until the solvency of the estate was determined.

[Sloss-Sheffield S. & I. Co v. Taff, et al.]

2. *Adverse Possession; Hostility.*—The possession of land by a widow from 1874, the date of the death of her husband who owned the land, until 1899, is presumed to have been subordinate, and not hostile or adverse to the title vested in the children as heirs of intestate; dower not having been assigned to her and the pecuniary status of the estate not having been judicially ascertained.

3. *Same; Rights of Widow.*—A widow, although occupying the land out of which she was entitled to have dower assigned, or a homestead set apart, may assert an adverse claim against the owner of the interest in excess of her dower or homestead rights.

4. *Ejectment; Instruction.*—A charge that at the death of plaintiff's ancestor title to the land vested in his heirs, as against defendant, and any statement made by the widow of the ancestor would not prejudice the right of the heirs, nor deprive them of their title, so long as they resided on the property, or had actual possession of the same, asserted a correct, abstract legal proposition, and in the absence of a request for an explanatory instruction, was not subject to complaint on account of any misleading tendencies.

5. *Vendor and Purchaser; Bona Fide Purchaser.*—Possession of land under an unrecorded deed, essential to place purchasers on inquiry as to the possessor's right need not be such adverse possession, as, if maintained for the necessary period, would ripen into title; it is generally sufficient if it is such visible possession as would naturally suggest inquiry to an ordinarily prudent person intending to purchase, though it must be open, notorious, exclusive, unambiguous and unequivocal as regards the vendor of the purchaser.

6. *Same.*—Annual cultivation of land is such evidence of possession as will place an intending purchaser on inquiry as to the possessor's rights.

7. *Mines and Minerals; Mineral Rights; Bona Fide Purchaser.*—A purchaser of mineral rights in land from one not shown to have been in possession was put upon inquiry as to the rights of others claiming under an unrecorded deed, where it appeared that the land had been cultivated by such others.

8. *Same; Possession.*—Possession of lands in which minerals lie may exist and be exercised of the mineral right as distinct from the surface right, or of the surface right as distinct from the mineral right.

9. *Same; Sale; Notice; Possession.*—The possession of land by a widow or her agent, under a deed to only the surface right, not being inconsistent with her possession under a prior unrecorded deed to the whole interest did not relieve one subsequently purchasing from a third party the mineral rights, of his duty to make such reasonable inquiry as would have disclosed the existence of the unrecorded deed.

(McClellan and Somerville, JJ., dissenting.)

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Ejectment by W. P. Taff and others against the Sloss-Sheffield Steel & Iron Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

The facts sufficiently appear in the opinion. The following charges were given at the instance of the plaintiff.

(1) "The court charges the jury that after the death of M. Taff the title to the land in controversy vested in his heirs as against this defendant, and that any statement made by the widow could not prejudice their rights, or deprive them of their title, so long as they resided on said property, or had actual possession of the same."

(2) "The court charges the jury that after the death of M. Taff the title to the land in controversy vested in the heirs of M. Taff as against the defendant in this cause."

The following is the charge refused to the defendant: "If you believe from the evidence that the dispute between Laird and Susan A. Taff, with reference to the land in question, was settled or quieted by the execution of a deed from Laird to Mrs. Taff, with the contemporaneous understanding that the Taffs should hold the surface and Laird the minerals, in settlement of all differences, and that with this understanding the Taffs, or their mother for them, or in her own right solely, continued their possession of the land for the period and in the manner shown by the evidence, and claiming to own and exercising acts of ownership only as to the estate described and conveyed by the deed from Laird and others to Susan A. Taff, then I charge you that such possession would, as to bona fide purchasers for value, without notice, of the deed to M. Taff, be referable rather to the deed to Susan A. Taff, and would

[Sloss-Sheffield S. & I. Co. v. Taff, et al.]

not fix constructive notice upon such purchaser of the prior unrecorded deed made to M. Taff."

TILLMAN, BRADLEY & MORROW, and GEORGE L. SMITH, for appellant. If the appellant comes within the class of purchasers protected by statute against unrecorded deeds, its title is superior to that of appellee, even though one or more of the prior grantees in the chain of title from appellant to Laird did not purchase such record title for value without notice of the old deed to M. Taff.—*Kendrix v. Colyar*, 143 Ala. 602; Devlin on Deeds, sec. 746; Pom. Eq. secs. 754-760. The burden was on appellee to show some fact or circumstances sufficient to put appellant on inquiry which if followed up would have discovered such unrecorded deed.— *Ely v. Pace*, 139 Ala. 298; *Nolan v. Farrow*, 154 Ala. 272; *Richards, et al. v. Steiner Bros.*, 166 Ala. 353. Appellee's possession was not such as to put appellant upon inquiry.—*Scotch L. Co. v. Eage*, 132 Ala. 598; *O'Neal v. Prestwood*, 153 Ala. 443. Such possession must be actual, open and visible, not equivocal nor occasional.—*Rankin Mfg. Co. v. Bishop*, 137 Ala. 275; *Munn v. Achey*, 110 Ala. 628; *Wells v. Am. Mtg. Co.*, 109 Ala. 430; 47 Atl. 569; 43 Pac. 215; 143 N. Y. 397; Pom. Eq. sec. 664. The assessment book required by sec. 3957, Code 1869, is the best evidence after the destruction of the assessment sheets as to the assessed land for certain years.—*Anniston C. L. Co v. Edmondson*, 141 Ala. 366; *Chastang v. Chastang*, 141 Ala. 416; *So. Ry. v. Hall*, 145 Ala. 227; *Driver v. King*, 145 Ala. 596; *Knight v. Hunter*, 155 Ala. 341; N. J. E. 566. Adverse possession was not sufficient to constitute notice.—*Cox v. Devinney*, 47 Atl. 569; *Goodson v. Bros.*, 111 Ala. 589; *Owen v. Moxen*, 167 Ala. 615. Reasonable inquiry would not have disclosed the old deed to

M. Taff.—Pom. Eq. sec. 616; *Hodges v. Winston,* 94 Ala. 576; 87 Am. St. Rep. 430; 67 Atl. 187; 72 Atl. 271; 130 N. W. 872; *Persons v. Adams, supra; Thompkins v. Henderson,* 83 Ala. 391. Possession is not notice of rights of which the possessor is ignorant, and to which he could impart no information on inquiry.— 59 N. E. 391; 117 Pac. 209.; 103 Pac. 1016. In this connection, the court's oral charge was error.—*Whitsett v. Bellue,* 54 South. 677; *Pollak v. Davidson,* 87 Ala. 551; *Ala. Con. C. & I. Co. v. Heald,* 53 South. 162. Mrs. Taff's possession was under a surface deed, and she had no claims to the minerals.—*Sloss-Sheffield v. Hutchison,* 144 Ala. 221. The court in substance gave the appellees the general charge, and the case should therefore be reversed.—*Griffin v. Hall,* 129 Ala. 291; 69 N. E. 794.

F. A. GAMBLE, for appellee. The kind or extent of possession shown here is referable to possession under the unrecorded deed.—2 Pom. sec. 615, et seq.; *McCaskey v. Amerine,* 12 Ala. 17; *Burt v. Cassity,* 12 Ala. 739; *Hendrix v. Kelly,* 64 Ala. 388; *Sawyer v. Baker,* 66 Ala. 292; *Brunson v. Brooks,* 68 Ala. 248; *Pique v. Avondale,* 71 Ala. 91; *Bernstein v. Humes,* 71 Ala. 260; *Butler v. Thweatt,* 119 Ala. 329. The question of agency vel non on disputed evidence is one for the jury.—21 Cyc. 1672 and cases cited. It was permissible to prove the agreement among the heirs and their mother that she might have the property for her use as long as she lived or cared to have it.—*Williams v. Williams,* 54 South. 107. Adverse possession cannot be proved by general reputation.—*Benje v. Craig,* 21 Ala. 151; *Beasley v. Clark,* 102 Ala. 258. The claim of the widow cannot be adverse to their heirs, unless she disclaims holding under her right as widow, and claims

title which is brought home to the heirs.—*Trufant v. White,* 99 Ala. 526; *Robinson v. Allison,* 97 Ala. 596; *Foy v. Willburn,* 112 Ala. 160. The charge complained of by defendant as being refused to him ignores the duty of making reasonable inquiry as to the title or claim under which appellees held possession of the land.— *Brunson v. Brooks, supra.* A person may claim land under two or more conveyances without any inconsistency.—*Murray v. Hoyle,* 92 Ala. 559; *Foy v. Cochran,* 88 Ala. 353; *Yarbrough v. Avant,* 66 Ala. 526; *Anniston L. Co. v. Edmundson,* 127 Ala. 464. A party in possession under an unrecorded deed if in actual possession charges a purchaser with constructive notice of possession and title.—Authorities supra. The burden was on defendant to prove a purchase for value without notice.—*Bynum v. Gold,* 106 Ala. 427; *Steiner v. Clisby,* 95 Ala. 91. Ejectment lies to recover minerals and mineral interest in land.—*Ala. S. L. Co. v. Thompson,* 104 Ala. 570; *Moragne v. Moragne,* 143 Ala. 459.

McCLELLAN, J.—The action is statutory ejectment to recover the mineral interest only, instituted by appellees against appellant.

The common source of title asserted, respectively, was James I. Laird. In 1871 he conveyed, plaintiffs claim, the entire interest in the land described in the complaint to Micheal Taff. Taff moved on the land and there died in 1874. It not appearing that Taff's estate was insolvent, allowing the presumption of its solvency, under the statutes then in force (Acts 1872-73, pp. 64-69), this tract must be "held, considered, and treated as a part of the real estate of the decedent without reference to this act." Accordingly the title vested in the heirs (children) of M. Taff, subject to the widow's (Susan Taff's) rights as such, and the right,

under the statute cited, to retain possession, along with the children of the household, until the solvency of the estate was determined. Dower does not appear to have ever been assigned to the widow; nor does it appear that the financial status of the estate was ever judicially ascertained. In consequence, the assumption being that title passed under the deed to M. Taff, the widow's right to possession throughout the long period since 1874, through 1899, is apparent; and such possession, in the absence of proof to the contrary, was in subordination, not hostile or adverse, to the title vested in the heirs upon M. Taff's decease.—*Robinson v. Allison,* 97 Ala. 596, 12 South. 382, 604.

Pending this possession, the widow received, for a recited valuable consideration, a conveyance from James I. Laird of the surface interest *only* in this land; the mineral being reserved in the instrument.

The deed of 1871 to M. Taff was recorded in 1908. That of 1881 to the widow was recorded in 1902. Defendant (appellant) bought the mineral in the land from Rucker and others November 3, 1899. The defendant invoked on the trial the protection accorded purchasers for value, and without notice, against unrecorded instruments and equities. That doctrine is again pressed here.

It is insisted for defendant (appellant) that no such possession existed, *at the time* of the purchase, as laid upon the defendant the duty of inquiry; but, if so, the observance of that duty of inquiry would not have availed to discover the existence of the *unrecorded* deed from Laird to M. Taff.

The possession of land essential to give rise to that duty of inquiry on the part of a purchaser need not be such an adverse possession as, if maintained for the necessary period, would ripen into title.—*Smith v.*

*Jackson,* 76 Ill. 254. It is generally sufficient if it is such a visible possession as would naturally suggest inquiry upon the part of an ordinarily prudent person intending to purchase, though it must be open, notorious, and exclusive, as regards the purchaser's vendor, and, in consequence, unambiguous and unequivocal.—*O'Neal v. Prestwood,* 153 Ala. 443, 449, 450, 45 South. 251; *Simmons Creek Co. v. Doran,* 142 U. S. 417, 442, 443, 12 Sup. Ct. 239, 35 L. Ed. 1063; 23 Ency. Law, pp. 504-506. The annual cultivation of land is one of the recognized evidences of a possession giving rise to the duty of inquiry by an intending purchaser.—*Knox v. Thompson,* 1 Litt. (Ky.) 351, 13 Am. Dec. 246; *Lyman v. Russell,* 45 Ill. 281; *Roussain v. Norton,* 53 Minn. 560, 55 N. W. 747. It is the fact of the possession being "out of the vendor and held by another" that inspires the duty of inquiry imposed by law on the intending purchaser.—*Powell v. Allred,* 11 Ala. 318; *Strickland v. Nance,* 19 Ala. 233; *Tutwiler v. Montgomery,* 73 Ala. 263, 268, 269 (see, for qualification of this decision on the particular point there noted, *Griffin v. Hall,* 129 Ala. 289, 29 South. 783); *McCarthy v. Nicrósi,* 72 Ala. 332, 47 Am. Rep. 418; *Brunson v. Brooks,* 68 Ala. 348.

With respect to the matter of actual possession, Mr. Perkins, the land agent of the appellant in 1899 and subsequently, testified: "The first time I was on the land was in 1899, prior to the execution of this deed [to the appellant, we interpolate]. There was no one living on the land at that time. I found a small portion of the land that looked like it had been grown in grain of some kind, oats or wheat; but I don't think there was anything else in cultivation. Possibly some of it was used for a pasture, about six or seven acres. The land was in woods, except a small portion of it

had been cleared and grown up again. The land lying out had become badly washed. There were no buildings on it. There had been a house on it; but was not there at that time. * * * I did not say there was growing crop on the land; I said the stubble was there, The land did not look as if it had been cultivated. I said it looked like it had had a crop of grain on it, and the stubble was still there. That was after the execution of the deed. * * * I was first on this land in 1899, about the last of July, or between the 1st of July and the last of August, and again between that time and the 1st of November. * * * The land looked as if something had been sown on it that year, and had been cut off; it had the appearance of having been cut off that year."

No possession of the defendant's vendors being shown, there is no room for doubt, we think, that the stated duty of inquiry arose. If this duty had been, with reasonable diligence, pursued, would it have led to the discovery of the rights flowing from the unrecorded deed to M. Taff from Laird?

In *Hodges v. Winston,* 94 Ala. 576, 580, 10 South. 535, 537, it.is said "that possession is notice to a subsequent purchaser only of the right or title in or by which the possession is held." This is the more modern doctrine prevailing here. At an earlier period the rule, in this respect, seems to have been otherwise.—*Powell v. Allred,* 11 Ala. 318; *Strickland v. Nance,* 19 Ala. 233; *Tutwiler v. Montgomery,* 73 Ala. 263, 268, 269. Notwithstanding the earlier view, we feel bound to now accept the stated doctrine, in the particular quoted, of *Hodges v. Winston, supra.* No inquiry by the defendant appears to have been made, otherwise than through the inspection of the records, which showed an unbroken chain of title *to the mineral* from Laird to defend-

ant's grantors, and the tax assessment records back to 1890, from which no condition of title, or right, or claim, *to the mineral*, adverse to that of defendant's grantors, appeared.

There can be no questioning the fact that a widow, though occupying lands out of which she is entitled to have dower assigned or homestead set apart, may 'assert an adverse claim against the owner of the interest in excess of her dower." or homestead rights.—*Robinson v. Allison*, 97 Ala. 496, 601, 12 South. 382, 604. Nor can there be any doubt that possession of land in which mineral lies may exist and be exercised of the mineral as distinct from the surface, or of the surface as distinct from the mineral.—*Hooper v. Bankhead*, 171 Ala. 626, 54 South. 549; *L. & N. R. R. Co. v. Massey*, 136 Ala. 156, 33 South. 896, 96 Am. St. Rep. 17.

Under the evidence in this record, heeding the quoted doctrine of *Hodges v. Winston, supra*, with respect to the reference of the effect of the notice to the right or title or claim under which that possession is held, the opinion is entertained that it was a question for the jury whether Susan Taff's possession was of *entire* interest in the land *as widow*, or whether her possession was of the surface *only*, and that under claim attributed alone to the Laird deed to Susan Taff, of December 16, 1881. There is no occasion to rehearse the testimony tending to support a finding either way. And if the finding of the jury was that the possession was the possession so held, at the time of the purchase by defendant, was *not* notice of the unrecorded deed to M. Taff, nor of the rights or titles consequent upon that deed. The court, in its oral charge, took this view, and, in consequence, submitted those inquiries for the jury's determination.

Charge 1, given at the instance of plaintiffs, asserted, when abstractly considered, a sound legal proposition. When referred to the issues indicated, it may have been, at most, calculated to mislead the jury. If so, the defendant's remedy to avoid that effect was to ask explanatory instructions. The like observation may be made with respect to charge 2, given for plaintiffs.

Exception was taken to this portion of the oral · charge of the court: "You can judge for yourself, using your own experience in life, whether or not she claimed under these deeds." Under the authority of *Sloss-Sheffield Steel & Iron Co. v. Hutchison,* 144 Ala. 221, 40 South. 114, treating charge 4 there refused to defendant, error infected the quoted extract from the oral charge, in that the experience allowed to be invoked by the jury was not limited to the experience *common to* men in their station.

According to the view prevailing in the *Hodges-Winston Appeal,* 94 Ala. 576, 10 South. 535, Susan Taff's possession could not, for the purpose of affording constructive notice to purchasers, be referred to both her right of possession *as widow* and to that claimed under the deed of 1881, provided, of course, she claimed possession under the latter instrument. The latter instrument appears to have been the product of an independent transaction, and, if availed of to support a claim to possession thereunder, was inconsistent with the rights of the widow, *as such,* to the surface of the land. In consequence, the court erred in advising the jury that the possession might have been referred to both deeds. Furthermore, if she, in fact, claimed under the deed of 1881, purporting to convey the surface only, it follows necessarily that such possession did not comprehend the mineral; and, in further consequence, if her possession was so restricted to the surface, there

was in fact no possession of the mineral wherefrom to impute constructively notice to the defendant of the rights attending the conveyance to M. Taff. The court therefore erred in refusing charge 23, requested by defendant. Charge 3, given for defendant, is not a substantial duplicate of charge 23, erroneously refused, as stated.

No relevancy of the proffered testimony with respect to the repute and notoriety of the asserted fact that Susan Taff claimed the surface only of the half-quarter section described in the complaint appears. Such evidence is held admissible in cases where adverse possession is an issue; and so upon the ground that it may afford the basis for an implication of notice to the true owner. To this effect is *Henry v. Brown,* 143 Ala. 458, 39 South. 325, among others.

Chief Justice DOWDELL and Justices SIMPSON, ANDERSON, MAYFIELD, and SAYRE, are of the opinion that the court did not err in the particulars which the writer points out. They hold that there is no error in the record, and accordingly the judgment is affirmed. It is their opinion that proper inquiry would have discovered the existence of the unrecorded deed to M. Taff; and that the widow's, or her agent's possession, even under the deed of 1881, was not inconsistent with a possession under the deed of 1871 to M. Taff. They further hold that the stated doctrine of *Hodges v. Winston, supra,* is not applicable in this case; and so for the reason that the 40 acres held by Winston was a distinct subject of possession from the other lands involved in that contest.

The judgment is affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, MAYFIELD, and SAYRE, JJ., concur. McCLELLAN and SOMERVILLE, JJ., dissent.