# Bartlett *v.* Varner's Executor.

*Bill in Equity for Foreclosure of Mortgage on Land.*

1. *Who is purchaser for valuable consideration.*—An existing indebtedness or liability as surety, though a sufficient consideration to support a transfer by the surety, to the creditor, of a mortgage given by the principal to indemnify the surety, does not, without some new consideration, make the transferree a purchaser for valuable consideration, who is entitled to protection against latent equities of which he had no notice.

2. *When mortgagee is purchaser for valuable consideration.*—When a mortgage is given to indemnify a surety against a liability contemporaneously·assumed, the mortgagee is a purchaser for valuable consideration, and entitled to protection against latent equities of which he had no notice.

3. *Who is purchaser without notice.*—The transferree of a mortgage, having actual notice of a latent equity, or secret trust, may nevertheless take advantage of the want of notice by the mortgagee.

4. *Burden of proof as to notice.*—When a secret trust in land is asserted in equity, against a purchaser who has paid a valuable consideration, the *onus* of proving notice is on the party asserting it.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. B. B. McCRAW.

The original bill in this case was filed on the 7th November, 1871, by Edward T. Varner, as the executor of the last will and testament of William Varner, deceased, against Stephen M. Bartlett; and sought to foreclose a mortgage on a house and lot in Tuskegee. The mortgage was dated the 2d April, 1860, and conveyed the house and lot to S. B. Paine and R. F. Ligon, to indemnify them against liability as sureties for said S. M. Bartlett, on a promissory note for $1,062.22, of even date with the mortgage, and payable on the 1st January, 1861, to B. F. Howard, as the guardian of Cornelia Bascom. On the settlement of said Howard's accounts as guardian, his said ward having married William H. Torrance, this note was turned over to said Torrance, as the trustee of his wife's statutory separate estate; and afterwards, some time during the year 1863, said Torrance sold and delivered it, without any written transfer, to William Varner, complainant's testator. Afterwards, in September, 1869, said Torrance and wife executed to said William Varner a written transfer and assignment of said note; and this assignment having been lost, they executed to the complainant in this suit, on the 19th February, 1872, after the commencement of the suit, an assignment in these words: "We, William C. Torrance and Cornelia A. Torrance, wife of the said William C., having heretofore sold and delivered to William Varner a certain promissory note, in words and figures as follows," setting it out; "and having, at the time of such sale and delivery, neglected to execute a written transfer; but having executed a written transfer and assignment of said note to said William Varner, on the 7th September, 1869, under our hands and seals, and before two witnesses, which, we are informed, is mislaid or lost,—do, by these presents, give, sell, and convey unto Edward T. Varner, executor of William Varner, now deceased, the said promissory note, we having received from said William Varner full value for said note; and we release and relinquish to the said executor all the right, title, interest, and claim, which we, or either of us, have or has in said note. Witness our hands and seals," &c. This assignment was signed by said Torrance and wife, and attested by two witnesses.

On the 1st October, 1871, said note being due and unpaid, Paine and Ligon, the sureties and mortgagees, executed to the complainant an assignment of the mortgage, as follows: "We, R. F. Ligon and S. B. Paine, for valuable consideration, transfer, assign, and set over, to Edward T. Varner, as executor of William Varner, the within mortgage; and we give, grant, and convey to said E. T. Varner, executor as aforesaid, all our right, title, interest, and claim, in and to

said mortgage, and in and to the property embraced and described in said mortgage. Witness our hands and seals," &c. The original bill alleged the complainant's ownership of the note and mortgage; and these assignments were afterwards made exhibits to an amended bill and answer to a cross bill.

An answer to the bill was filed by the defendant, admitting the execution of the note and mortgage, but denying, "by way of plea as well as answer," that the note had been transferred to the complainant, or that the mortgage had been assigned to him "for any consideration valuable in law." Mrs. S. H. Bartlett, the defendant's wife, intervened by petition, asking to be made a party to the cause; and having been made a party, she filed an answer and cross bill, alleging that the house and lot were purchased and paid for by her husband with money belonging to her separate estate, and praying that a resulting trust might be established and declared in her favor. She alleged that Paine and Ligon had notice of her rights before they transferred the mortgage to the complainant; that the written assignment of the note was made, without any new consideration, after an action at law on it had been defeated because the original transfer by Torrance was void; and that the complainant was chargeable with notice of her asserted rights.

In answer to the cross bill, the complainant (Varner) denied notice of the trust set up in the cross bill, or of any facts which would charge him with implied notice; and he claimed to be a purchaser for valuable consideration without notice. The complainant took the depositions of said Paine and Ligon, each of whom denied notice of the alleged fact that the money paid for the lot belonged to Mrs. Bartlett; while Mrs. Bartlett and her husband, whose depositions were taken on her behalf, each asserted that Paine knew that fact when the money was paid, and that the money was procured from him for the purpose of paying for the lot. Bartlett and his wife were married in Georgia, in 1856; and it was admitted that, at that time, the common law governed the property-rights of husband and wife in that State.

On final hearing, on pleadings and proof, the chancellor dismissed the cross bill, and rendered a decree for the complainant in the original suit; holding that "the proof does not show, by even a preponderance of the testimony, that Ligon and Paine, or even the transferree of the mortgage, had any notice of the equity claimed by Mrs. Bartlett." The appeal is sued out by Mrs. Bartlett, and the chancellor's decree is assigned as error, in granting relief to the complainant, and in dismissing the cross bill.

[Bartlett v. Varner's Executor.]

GRAHAM & ABERCROMBIE, for appellants, cited *Robison v. Robison*, 44 Ala. 227; *Nolen & Thompson v. Gwynn's Heirs*, 16 Ala. 728; *Jewell v. Palmer*, 7 Johns. Ch. 65; *Houghwough v. Murphy*, 21 N. J. Eq. 118; *Campbell v. Roach*, 45 Ala. 667; *Dudley v. Witter*, 46 Ala. 694; 2 Story's Equity, § 1502.

J. E. COBB, *contra*, cited *Fenno v. Sayre*, 3 Ala. 476; *Ohio Life Ins. & Trust Co. v. Ledyard*, 8 Ala. 866.

STONE, J.—The mortgage made by Bartlett to Paine and Ligon was transferred by the mortgagees to Varner, as security or collateral to a debt, then held by him, on which they, Paine and Ligon, were bound as co-makers. This was a sufficient consideration to uphold the transfer; but, as no present consideration moved from Varner to Paine and Ligon for this transfer, it did not constitute him a purchaser for value, so as to cut off defenses that may have existed against Paine and Ligon.—*Boyd v. Beck*, 29 Ala. 703.

That Bartlett, at one and the same time, procured Paine and Ligon to become his sureties, and executed the mortgage to them to indemnify them against such suretyship, is among the undisputed facts in this case. This, under all the authorities, constituted them purchasers; and unless it be shown that, at the time they so executed the note, and took the mortgage, they had notice of Mrs. Bartlett's claim, they were innocent purchasers without notice.—*Fenno v. Sayre*, 3 Ala. 470; *Andrews v. McCoy*, 8 Ala. 920; *Wells v. Morrow*, 38 Ala. 125. The *onus* of proving such notice rested on Mrs. Bartlett—*Carpenter v. Devon*, 6 Ala. 718; *Walker v. Palmer*, 24 Ala. 358; *Carroll v. Malone*, 28 Ala. 521.

Under these principles, the controversy is narrowed to the single inquiry, whether it is shown by the testimony that Paine and Ligon had such notice. The chancellor found it had not been so shown, and we are not convinced he erred therein.—*See Bryan v. Hendrix*, at present term. It is immaterial what notice they may have had afterwards, or whether Varner, when he acquired the mortgage, had or had not notice. He had become the holder of the claim, with the right to maintain whatever suit Paine and Ligon could have maintained; and this armed him effectually against all equities which Bartlett and wife were precluded from asserting against Paine and Ligon.—*Horton v. Smith*, 8 Ala. 73; *Daniel v. Sorrells*, 9 Ala. 436.

The note of Bartlett, Paine and Ligon was transferred to Varner, strictly according to the requirements of the law, before the present suit was brought. It is immaterial whether the agreement to sell, and the actual transfer of the

note, were consummated at one and the same time, or not. The inquiry, at most, was only material in this case, as showing a right in Varner, and a consideration to uphold the transfer of Bartlett's mortgage by Paine and Ligon. It is fully shown that Varner had become the owner of the note; neither Mr. nor Mrs. Torrance set up any claim to it, and there is nothing in this record which, in the least, impairs that right.

The decree of the chancellor is affirmed.

