## Sawyers *v.* Baker.

*Bill in Equity by Purchaser, for Specific Performance.*

1. *Parties to bill for specific performance; husband and wife.*—When the husband purchases lands from an administrator, his wife being a distributee of the estate, and gives a receipt for so much of her distributive share in payment of the purchase-money, she is a necessary and indispensable party to a bill filed by him to compel a specific performance of the contract; as a complainant, if she approves and ratifies the purchase; if not, as a defendant.

2. *Non-joinder of necessary party; how taken advantage of.*—The non-joinder of a necessary and indispensable party, complainant or defendant, is a defect of which advantage may be taken by plea or demurrer; or the objection may be raised at the hearing, or on error, or may be taken by the court *ex mero motu;* hence, in the consideration of the question, the precise form in which the objection was raised by demurrer is immaterial.

3. *When purchaser in possession, without title, is entitled to protection against subsequent mortgage.*—A purchaser, in possesion of land, and having paid the purchase-money, is entitled to protection against a mortgage subsequently executed by his vendor, or any one claiming under such mortgage.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 5th July, 1879, by Henry Baker, against Columbus S. Boone, Thomas Sawyers, John Gamble, and Daniel Sandlin; and sought the specific

performance of a contract, by which the complainant pur-
chased a tract of land from said Boone, a divestiture of the
legal title out of the other defendants, who claimed under
said Boone, and the recovery of the possession, which had
been taken from the complainant by action at law.   Accord-
ing to the allegations of the bill, the land was part of a tract
which had belonged to one Josiah McCollum, who died in
1871, and of whose estate the complainant's wife was one of
the distributees.   Letters of administration on said McCol-
lum's estate were granted by the Probate Court of said
county, on the 18th October, 1871, to said Columbus S. Boone ;
and he continued to act as such administrator until November,
ber, 1873, when he made a final settlement of his accounts,
and a successor was appointed.   "On the 16th September,
1872, said Boone, as such administrator, obtained an order
and decree of said Probate Court for the sale of the lands
of said estate, and sold said lands, under said order and
decree, on the — day of October, 1872, and became the
purchaser thereof, at and for the sum of $1,112.40, and in
some manner executed his note for said sum to the heirs of
said estate, with said Thomas Sawyers and John Gamble as
his sureties ; and said sale was confirmed by an order of said
court, on the 16th October, 1872."   Boone went into the
possession of the lands immediately after his purchase, "and
continued in the possession thereof until the fall of the year
1875, when he bargained and sold to" the complainant a part
of said lands, particularly described, at the price of $550.
"On the making of such purchase, and during the time said
trade was being consummated, it was agreed by and between
complainant and said Boone, that complainant should see
H. A. Gillespie" (the administrator *de bonis non*, who had
possession of Boone's note for the purchase-money of the
lands), "and receipt him for said sum of $550, as the husband
and trustee of his said wife, and have said sum placed as a
credit on said Boone's note, or in some way cause said sum
to be credited on said note ; and in pursuance of said agree-
ment, complainant did receipt said administrator *de bonis non*
for said sum of money, as a part of his wife's share of said
estate, and caused said note to be credited with said sum ;
and in this way and manner complainant made full payment
to said Boone for the lands so purchased of him.   At the
time his trade for said lands was finally consummated, he
made full payment for said lands," as stated, "and was placed
by Boone in possession of the same, and continued in the
uninterrupted possession thereof until the spring of the year
1877, when he was dispossessed by said Daniel Sandlin,"

[Sawyers v. Baker.]

under a judgment obtained "in some sort of proceeding instituted in a justice's court."

On the 16th January, 1876, Boone executed a mortgage to Sawyers and Gamble, on all the lands purchased by him at his own sale, to save them harmless against liability as his sureties on the note given for the purchase-money. This mortgage, a copy of which was made an exhibit to the bill, contained a power of sale, public or private, at the option of the mortgagees, if Boone failed to pay the debt, with interest and costs, at any time before judgment was rendered on the note. At the January term, 1877, of the Circuit Court of said county, the administrator *de bonis non* obtained a judgment on the note, against all the makers, for $910, being the balance due, with interest, after deducting the credit of $550. "On the 16th. January, 1877, said administrator *de bonis non*, under an order of said Probate Court, executed and delivered a deed of conveyance to said Boone. Subsequent to the rendition of said judgment on said note, and in the early part of the year 1877, said Sawyers, one of said mortgagees, under and by virtue of said mortgage, sold and conveyed said lands to said Daniel Sandlin, in consideration of the amount then due on said judgment, and placed him in possession of said land. At the time said judgment was rendered on said note, and at the time said deed was made by Sawyers to Sandlin, the defendants in said judgment were solvent, and able to pay the full amount of. said note, principal and interest. Your orator represents that, at the time said mortgage was executed by Boone to Sawyers and Gamble, there was no liability resting on said sureties : that the administrator, having purchased the lands, could not make a note for the purchase-money, payable to the heirs of the estate ; that the law presumed the same to have been paid at the expiration of twelve months from the day of sale, and said administrator and the sureties on his official bond were legally bound for his said purchase : the right to sue and be sued vesting in the same person, the debt was extinguished. Your orator represents that, if said sureties on said note were bound for any part of the same, they were bound for the whole ; and they have availed themselves of said payment of $550, made by your orator as aforesaid, and yet have attempted in every possible way to deprive him of any part of said land. Orator was in possession of said lands, so purchased by him from said Boone, claiming them as his own, at the time said Sandlin claims to have purchased from said Sawyers ; and he purchased said lands from said Boone *bona fide*, on the —— day of ——, 1875, and made full payment for the same, and being placed in possession thereof by said

Boone, your orator thus acquired a perfect equity to said lands." The bill prayed, on these facts, that the legal title to the lands bought by the complainant from Boone might, by the decree of the court, be divested out of the defendants, and vested in him; that he be placed in possession; and for other and further relief, under the general prayer.

Sawyers and Sandlin filed a joint demurrer to the bill for want of equity, assigning as causes of demurrer—1st, that the complainant showed no right or interest in himself; 2d, that the right to relief, if any existed on the facts alleged, was in the complainant's wife; and, 3d, that the bill did not allege or show that, at the time of the execution of the mortgage, the defendants had any knowledge or notice of any right or claim on the part of the complainant to the lands in controversy. The chancellor overruled the demurrer, and held that the bill contained equity; and his decree is now assigned as error.

GEO. H. PARKER, and HAMILL & DICKINSON, for appellant.

JNO. W. INZER, contra.

SOMERVILLE, J.—The wife of the appellee, Mrs. Baker, was an indispensable party to the bill, either as complainant or defendant. If the husband converted her statutory separate estate, and made the purchase of the land in his own name, no one except the wife could complain of his effort to enforce specific performance against the vendor, by compelling a conveyance by deed directly to himself. Yet, as she could and might object to the transaction, and elect to claim a conveyance to herself instead, she should have been made a party to the suit, both for her own protection, and that of Boone and his co-defendants, who were liable to be harassed by another suit about the same subject-matter. If she freely assented to the purposes of the bill, she was a proper party complainant; otherwise, she should have been made a defendant.—*Pitts v. Powledge*, 56 Ala. 147; *Michan and Wife v. Wyatt*, 21 Ala. 813; *Hitchcock v. U. S. Bank*, 7 Ala. 388.

The objection raised by the demurrer is, that Mrs. Baker was a necessary party *complainant* only, and not defendant. Yet, where a party is so indispensable that the cause cannot be properly disposed of without his presence, the objection need not be raised by plea or demurrer, but may be made at the hearing, or on error, or may be taken by the court *ex mero motu*.—*Prout v. Hoge*, 57 Ala. 28; 1 Brick. Dig. 754, § 1706.

[Moore v. Winston's Adm'r.]

The appellee, Baker, was the purchaser of a mere equitable, and not of· a legal title ; yet his possession of the land was a.fact that charged all subsequent purchasers with notice, and was equivalent to registration.—*Brunson and Wife v. Brooks*, at the present term. His equity would, therefore, be superior to that acquired by the appellants, Sawyers and Gamble, under their mortgage from Boone, if his purchase and possession were prior to such mortgage, and he paid the purchase-money before it was executed and delivered, which time is stated to be January 16th, 1876. The bill, however, was defective, in failing to state these facts with sufficient clearness.

Other questions are discussed by counsel; bnt no other points than those above determined are properly raised for our consideration by the record. For these reasons, the demurrer was improperly overruled, the decree of the chancellor is reversed, and the cause remanded.