# Brunson & Wife *v.* Brooks.

*Statutory Real Action in the Nature of Ejectment.*

1. *Guardian's bond; valid as a statutory bond, though executed to secure more than one minor.*—The fact that the official bond of a guardian was executed to secure the estates of more than one ward, does not vitiate it as a statutory bond, or impair its force and effect as such.

2. *Declarations of husband against wife's title inadmissible in evidence.* Declarations of the husband against the interest of the wife, or in disparagement of her title to lands constituting a part of her statutory separate estate, although made while he was in possession, are not admissible in evidence against her.

3. *Possession of real estate; when constructive notice.*—The possession

[Brunson & Wife v. Brooks.]

of a vendee who is in open, notorious and exclusive occupancy of real estate claiming it as his own, is constructive notice of the vendee's title, which will prevent the lien of an execution issued against the vendor from attaching, although the vendee's deed is not recorded.

4. *Same; tenant's possession constructive notice of landlord's title.*—As the possession of a tenant is the possession of the landlord, so notice of the tenancy is constructive notice of the landlord's title.

5. *Possession of wife's statutory separate estate by the husband; when notice of wife's title.*—The possession by the husband of lands belonging to the wife's statutory separate estate, is referable to his representative capacity of trustee, and is constructive notice of her title; and the fact that prior to her title and his possession thereunder, he was in possession as tenant of her vendor, can not affect the application of this principle.

APPEAL from Coffee Circuit Court.
Tried before Hon. H. D. CLAYTON.

This was a real action in the nature of ejectment, brought by the appellee against the appellants, and was commenced on 9th March, 1878.  On the trial it was shown, that in 1869 Mathew Brunson was appointed by the Probate Court of Coffee county the guardian of the appellee and of five other minors, on the faith of one bond executed to secure the estates of all his wards, conditioned in substantial compliance with the statute, with J. P. Brunson and Mathew Brunson Sr. as his sureties.  In 1876, the appellee having attained his majority, Mathew Brunson made a final settlement of his account as guardian of the appellee; and on this settlement a balance was ascertained against the guardian in the appellee's favor, and a decree rendered therefor.  An execution issued against the guardian on this decree having been returned "no property found," four several executions were issued against the guardian and the sureties on his bond, from time to time, the first bearing date the 16th of June, 1876, and the last on the 2d of August, 1877.  The execution last issued was levied on the lands in controversy as the property of Mathew Brunson Sr., and they were sold thereunder by the sheriff on the 5th of November, 1877, and purchased by the appellee, to whom they were conveyed by the sheriff. The appellee, in support of his title, offered in evidence the bond of Mathew Brunson, as guardian, the executions issued thereon, and the sheriff's deed, to each of which the appellants objected on the ground, that the bond having been executed for the benefit of all the minors jointly, was not a statutory bond, and did not have the effect of a judgment, and that the executions and the sheriff's deed were, therefore, void.  Their objections were overruled by the court, and the papers offered were read to the jury, and they excepted.  The appellee also offered evidence tending to show, that J. P. Brunson went into the possession of said

lands in the year 1860, by the permission of Mathew Brunson Sr., who had been in possession thereof prior to that time, and that when J. P. Brunson married S. R. Brunson in 1866, he was holding possession under Mathew Brunson Sr., and that since their marriage *they* had been in possession up to the time of the trial either in person, or by tenants.

The appellants proved and read in evidence a deed executed by Mathew Brunson Sr. and his wife, in the presence of two subscribing witnesses, on the 7th of October, 1875, reciting a valuable consideration and conveying to Mrs. S. R. Brunson said lands. This deed was acknowledged on 2d of January, 1877, and on the 30th day of that month was filed for record in the office of the judge of probate of the county in which the lands were situated. They also offered evidence tending to show, that the lands were conueyed to Mrs. Brunson for a valuable consideration, which she had fully paid; and that she and her husband resided on said lands until August, 1876, when they moved to Victoria, some miles distant, and that after that time they continued in the possession of the lands by their tenants. Their evidence also tends to show a purchase of the lands by her prior to the date of the sale, and that she "finished" paying therefor when the deed was executed; but it does not show when such purchase was made.

The appellee then offered to prove, in rebuttal, that after the rendition of the decree against the guardian of appellee, J. P. Brunson, who was then in possession of the lands, stated "that he had no title to said lands, that Mathew Brunson had never made a title to them, and that the judgment would ruin him, that he did not have a scratch of a pen to said lands." Mrs. Brunson objected to this declaration of her husband going to the jury as evidence against her for the purpose of showing fraud in the execution of the deed to her. The court overruled her objection, allowed the offered proof to be made, and she excepted.

The foregoing being substantially all the evidence offered on the trial, as shown by the bill of exceptions, the court charged the jury at the request of the appellee in writing, that if they believed the evidence they must find for him for the lands sued for, except a small part thereof, as to which there was a disclaimer. To the giving of this charge the appellants excepted. The appellants then asked the court in writing to charge the jury, that if they believed from the evidence "that J. P. Brunson, the husband of S. R. Brunson, went into the posession of the lands sued for in the year 1860, and that Mathew Brunson Sr. executed and delivered to Mrs. S. R. Brunson the deed on the day it bears date, and that the consideration money was paid at said time, or

before its execution, and that said husband and wife remained
in possession of said lands up to the time of the purchase of
plaintiff at sheriff's sale, and that the said deed was recorded
at the time specified in the certificate of the judge of probate,
then it was notice to the purchaser of Mrs. S. R. Brunson's
interest in said lands, and the lien of the plaintiff [appellee
here] did not attach, and he can not recover." This charge
the court refused to give, and the appellants excepted.
A judgment on verdict was entered for the appellee, from
which this appeal was taken.

The rulings of the Circuit Court above noted are here
assigned as error.

W. D. ROBERTS, for appellant.

JOHN D. GARDNER, contra.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The guardian's bond, permitted by
the court below to be introduced in evidence, is executed in
substantial conformity to the statute, and is, therefore, a
statutory bond. The fact that it was given for the benefit of
more than one minor, or ward, does not vitiate it as such.
The requirement of the statute is, that such bonds be exe-
cuted "with sufficient sureties, payable to the judge of pro-
bate, in the penal sum of twice the supposed value of the
estate of *the ward*."—Code, 1876, § 2762. The word "ward"
here may mean *wards*, under the influence of section 1 of
the Code, affixing a legislative signification to words, and
expressly providing that the *singular* may include the *plural*.

The statement of J. P. Brunson, made while in possession
of his wife's lands, admitting that "he had no title to the
lands, and that Mathew Brunson had never made a title to
them ; and that the judgement would ruin him, [and] that he
did not have a scratch of a pen to said lands," was not ad-
missible evidence against the wife for the purpose of show-
ing fraud in the execution of the deed to her from Mathew
Brunson. The rule has often been announced, that the hus-
band's declarations made against interest are never admissi-
ble to affect the wife's statutory separate estate.—*Murphree
v. Singleton*, 37 Ala. 412 ; *Carver v Eads*, 65 Ala. 190.

The general rule is, that the possession of a vendee under
an unrecorded deed, who is in open, notorious and exclusive
occupancy of real estate, claiming it as his own, is construc-
tive notice of the vendee's title, whether it be legal or equitable
in its nature.—Wade on Notice, § 273 ; *Burt v. Cassety*, 12

[Brunson & Wife v. Brooks.]

Ala. 734. The reason of the rule is, that possession is a fact, open to observation, which should induce proper inquiry as to whether or not the possessor has title, either for himself or in right of another, under whom he holds. It puts the purchaser on inquiry as to any outstanding deed or imcumbrance, in favor of such possessor, or those he represents, and charges him with notice.—*Herbert v. Hanrick*, 16 Ala. 581; *Fenno v. Sayre*, 3 Ala. 458; Wade on Notice, § 276. This principle is also applicable to the relation of landlord and tenant, and while the English authorities incline to the view, that the possession of a tenant under a lease is notice simply of his tenancy, or of the interest claimed by the actual occupant, the American doctrine clearly is, that the possession of the tenant is the possession of the landlord, and notice of the former is notice of the latter. It is obviously within the spirit and reason of the rule, for an inquiry of the occupant will be likely to lead to a knowledge of the fact, that he is a mere tenant, holding in the right of another who is his landlord.—*Hood v. Fahnestock*, 1 Penn. St. 470; *Wickes v. Lake*, 25 Wis. 71; *Franz v. Orton*, 75 Ill. 100; *Wright v. Wood*, 23 Penn. St. 120; Wade on Notice, §§ 284–286.

Under the operation of these principles, we are of opinion, that the possession of the land by appellant, Brunson, for the wife and as her trustee, operated as notice of the wife's title, and prevented the lien of appellee's execution against the vendor, Mathew Brunson, from attaching, although the latter's deed to Mrs. Brunson was not registered at the time the levy was made. The possession of the husband is generally referable to his representative capacity, and must be considered the possession of the wife, when it relates to her separate estate, and it is, therefore, considered as notice of her right.—*Gwynn v. Hamilton*, 29 Ala. 233; *Michan v. Wyatt*, 21 Ala. 813. Nor can we see that the case is affected by the fact, that there has been a change in the character of his possession from *tenant* of the vendor to *trustee* or agent of the vendee. The law presumes that the facts attending the possession can be ascertained at any particular time, by instituting diligent inquiry. If Brunson's possession, as tenant of the wife's vendor, prior to the sale, was notice of the fact, that he was a mere tenant, and that his landlord held the title, it is based upon the above well settled rule, that proper inquiry will afford the information, and for a failure to inquire the law imputes *mala fides* to a subsequent purchaser. For a like reason, after the unregistered deed was made to the wife, and the husband held as trustee in her right, the same diligence of inquiry would lead to a knowledge of the new relationship, and thus operate as no-

tice of the wife's title. The opposite view, it is true, we find to be maintained by one of our most respectable courts. *Loughridge v. Bowland*, 52 Miss. 546. But the doctrine there held is not conceived to harmonize with the theory of constructive notice as prevailing in this and other States, nor to constitute a just exception to it. Wade on Notice, §§ 286, 304 ; *Herbert v. Hanrick*, 16 Ala. 581.

The rulings of the Circuit Court were repugnant to these views, and its judgment must be reversed and the cause remanded.