# Watt v. Parsons.

*Statutory Real Action in the Nature of Ejectment.*

1. *Notice of unrecorded deed; what is not.*—Where a father executed to his son, for a valuable consideration, a conveyance of a tract of land, on which they both resided, and the deed was never recorded, and no change was made in the possession of the land, this gave no notice, actual or constructive, that the title had passed out of the father.

2. *When unrecorded deed inoperative against judgment creditor.*—An unrecorded deed to land is inoperative against a judgment creditor of the grantor, having no notice thereof.

APPEAL from Coosa Circuit Court.

Tried before Hon. JAMES E. COBB.

This was a satutory real action in the nature of ejectment by Lewis E. Parsons, jr., and Stephen J. Darby against Joseph Watt, Eliza Watt, Thomas M. Watt, and N. O. Watt. Thomas M. Watt pleaded not guilty, and the statute of limitations of ten years, and the other defendants disclaimed all interest in, and possession of the lands sued for. The trial resulted in a judgment for the plaintiffs, from which Thomas M. Watt appealed.

The facts disclosed by the evidence are sufficiently stated in the opinion. The court *ex mero motu* instructed the jury as follows: "If you find from the evidence that Houghton, Allen & Co. recovered a judgment in this court against Joseph Watt on April 18th, 1871, in a suit begun in July, 1869, on a *bona fide* indebtedness created and existing prior to May 12th,

1870; and that the plaintiffs became the purchasers of said lands mentioned in the complaint, at a sale thereof by the sheriff under an execution issued on said judgment, and received a deed therefor from the sheriff, then the plaintiffs are entitled to recover in this suit, as against a deed from Joseph Watt to his sons, unless you should further find from the evidence, that Houghton, Allen & Co., on or before April 18th, 1871, when they recovered their judgment, had notice of the unrecorded deed from Joseph Watt and wife to Thomas M. Watt and N. O. Watt, either actually given to them, or given by an open, manifest transfer of the possession of said lands to the grantees in said deed." To this charge the defendant excepted; and it is here assigned as error.

WATTS & SONS, for appellant.

GEO. W. PARSONS, contra.

STONE, J.—The facts of this case are very simple and undisputed. Joseph Watt was the owner of the lands in controversy, extending back to a time more than twenty years ago. Between March, 1859, and February, 1862, he contracted debts and gave his note to Houghton, Allen & Co. In 1869, suit was brought on these notes, and in April, 1871, judgment was rendered thereon. Execution was issued thereon in May, 1871, and other executions were afterwards issued; but they were not regularly kept up. A *pluries* execution was issued thereon, in October, 1879, and placed in the hands of the sheriff, who levied on the lands sued for. In April, 1880, the lands were sold by the sheriff, purchased by the appellees, and a deed was made to them. Thereupon, they brought this suit to recover possession.

From the time Joseph Watt became the owner of the land, dating at a time before 1869, he, Eliza Ann Watt, his wife, and Thomas M., and N. O. Watt, resided together thereon; and they have continued so to reside ever since, and were so residing together when the trial in this case was had. There has been no change of actual possession. Thomas M. Watt and N. O. Watt are sons of Joseph and Eliza Ann Watt. In May, 1870, while the suit of Houghton, Allen & Co. against Joseph Watt was pending, the latter and his wife, on a recited consideration of one thousand dollars, conveyed the lands to their sons, Thomas M. and N. O. Watt. As we have said, no change of possession attended this deed. In May, 1880, after the purchase by the appellees at sheriff's sale, N. O. Watt conveyed his interest in the lands to Tomas M. Watt. The deed from Joseph Watt and wife to Thomas M. and N. O. Watt was not

[McKenzie v. Gibson.]

recorded until January, 1879, many years after the recovery of the judgment in the suit of Houghton, Allen & Co. against Joseph Watt ; and there is no proof that the plaintiffs in that suit, or the purchasers at the sheriff's sale, had any notice of the deed of Joseph Watt and wife to their two sons.

As there was no record of the conveyance by Joseph Watt to his sons, and no change of possession, this gave no notice, actual or constructive, that the title had passed out of Joseph Watt.—*McCarthy v. Nicrosi*, 72 Ala. 332.

In *Wood v. Lake*, 62 Ala. 489, we ruled, that an unrecorded deed was inoperative against a judgment creditor, "having no notice thereof." . The argument in this cause assails the soundness of the construction then given of § 2166 of the Code of 1876. We have reviewed that opinion, and the argument we then made in support of it, and adhere to it.

Affirmed.