# King *v.* Paulk.

*Statutory Action in nature of Ejectment.*

1. *Statutory protection to purchasers without notice, against unrecorded deed.*—Under statutory provisions, an unrecorded deed is inoperative and void, as against purchasers and judgment creditors without notice (Code, 1886, §§ !810–11) ; and though possession, acquired and held under an unrecorded deed, is sufficient to charge a creditor or purchaser with notice, when there is an actual change of possession, it is not enough that the tenant in possession agrees to hold under the grantee.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by Charles King, against James

A. Paulk and others, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 11th January, 1888. The land in controversy had belonged to one Whitfield Pitts, and the plaintiff claimed title under a purchase at sheriff's sale under execution against said Pitts; while the defendants claimed under a sale and conveyance by Pitts, before the rendition of the judgment under which the plaintiff purchased. The charge of the court was in favor of the defendants; and this charge, to which the plaintiff excepted, is now assigned as error by him.

NORMAN & SON, for appellant, cited *Tutwiler v. Montgomery*, 73 Ala. 263; *Watt v. Parsons*, 73 Ala. 202.

LAW & SMITH, *contra*, cited *Scroggins v. McDougald*, 8 Ala. 382; *Boyd v. Beck*, 29 Ala. 704.

STONE, C. J.—Both parties to this suit claim title from Pitts; and it is not disputed that, for several years, and until June, 1887, the legal title was in him. Pitts was not in actual occupancy of the land, but Delbridge, his tenant, went into possession under him, and held the possession continuously for several years, and until this suit was brought. King claims title as follows: On August 13, 1887, he recovered a judgment against Pitts in the Circuit Court of Bullock county, the county in which the lands in controversy lie. Execution was issued on that judgment, which went into the hands of the sheriff, August 28, 1887. The execution was levied on the lands sued for, and they were sold by the sheriff, December 5, 1887. King became the purchaser, and the sheriff conveyed the lands to him. He brought the present action to recover possession, January 11, 1888.

Paulk's title and claim are as follows: He testified that, in February, 1887, he made a verbal agreement with Pitts for the purchase of the lands, in payment of debts due him from Pitts, and paying him some money; and that he then agreed with Delbridge, who was in possession, to let the lands to him for the year, at an agreed rent, which the latter had paid him. He then proved that, on June 16, 1887, Pitts conveyed the lands to him by deed, having two subscribing witnesses. This deed was acknowledged and properly certified, November 17, 1887, and was recorded on the next day. Actual knowledge of this sale or conveyance was

not pretended to have been traced to King, until after his execution was in the hands of the sheriff.

It has been settled as the proper construction of our statute (Code of 1886, §§ 1810–11), that unrecorded conveyances, of the class brought to view in this case, are inoperative against purchasers and judgment creditors without notice.—*Wood v. Lake*, 62 Ala. 489; *Watt v. Parsons*, 73 Ala. 202; *Tutwiler v. Montgomery*, *Ib.* 263; *Chadwick v. Carson*, 78 Ala. 116.

Taking possession by the vendee, although the deed may not be recorded, and although there may be no actual notice, is enough to put a purchaser or creditor on inquiry, which would lead to a knowledge of the conveyance, and is equivalent to registration, or actual notice. And taking possession by a tenant, or agent, is as effectual, as if the possession was taken by the purchaser.—*Burt v. Cassety*, 12 Ala. 734; *Brunson v. Brooks*, 68 Ala. 248; *Boyd v. Beck*, 29 Ala. 704; *Sawyers v. Baker*, 66 Ala. 292; *Watt v. Parsons*, 73 Ala. 202.

The principle on which these cases rest is, that a change of possession from one occupant to another, is enough to excite inquiry why the change is made. Such change is obvious to the senses, and any one exercising ordinary diligence wil not fail to note the change. Law is a reasonable science, and this furnishes the requisite reason on which the rule is founded.

In the present case, however, there was no visible change of occupancy. Delbridge had gone into possession as the tenant of Pitts, and no change had taken place to give warning, or put on inquiry. Actual notice, or registration, was necessary to the protection of Paulk as a purchaser.—*McCarthy v. Nicrosi*, 72 Ala. 332; s. c., 47 Amer. Rep. 418; *Watt v. Parsons*, 73 Ala. 202. King is not shown to have had notice, actual or constructive, that title had passed out of Pitts ; and the Circuit Court erred in ruling to the contrary.

Reversed and remanded.