# Robertson *v.* Durden.

*Ejectment by Purchaser at Sheriff's Sale, against Wife as Grantee of Execution Debtor.*

1. *Unrecorded deed; statutory protection to judgment creditors and purchasers.*—As against a judgment creditor, becoming the purchaser at his own sale, under execution against two brothers, of lands of which one of them is in the actual possession, while the legal title is in the other, an unrecorded deed executed by the latter to his wife is inoperative, and constructively fraudulent, when no change of possession is shown (Code, §§ 1810-11); and he is entitled to recover the land, as against the wife, although her deed was recorded before the sale under execution.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Mrs. Elizabeth Durden,

against George H. Varner, Wm. J. Robertson and Charles
E. Robertson, to recover the possession of a tract of land
containing fifty acres; and was commenced on the 4th De-
cember, 1888, though the notice in ejectment was not served
on Varner and C. E. Robertson until the 8th December.
Mrs. Chloe L. Robertson, the wife of said Charles E. Rob-
ertson, was admitted, on her own motion, to defend the
action in her own right; and she defended under a convey-
ance to her from her said husband, which was dated April
18th, 1887, and on that day acknowledged before a justice
of the peace, but was not filed for record until May 5th,
1888.    The plaintiff had obtained a judgment in said Circuit
Court, on the 16th June, 1887, against said Wm. J. and
Chas. E. Robertson; and an execution issued on this judg-
ment on August 15th, 1888, former executions having been
regularly issued and returned, was levied on the land; and
at the sheriff's sale under this levy, September 17th, 1888,
the plaintiff became the purchaser, receiving a deed of that
date from the sheriff.    On the trial, the plaintiff offered in
evidence a transcript of the record of her judgment and
execution, and the sheriff's deed; and the court admitted
them, against the objection and exception of the defendant
on the ground of irrelevancy.    The defendant offered in
evidence the deed under which she claimed the land, and
which recited as its consideration an indebtedness of $800,
for moneys belonging to her statutory estate, which her
husband had received and used; and she adduced proof of
that indebtedness, though the consideration of the deed does
not seem to have been attacked.

The land had belonged to Mrs. Susan E. Robertson, who
was the mother of said Wm. J. and Chas. E. Robertson, and
who died some time during the year 1886; and her last will
and testament, which was not found for some time after her
death, was proved and admitted to probate on the 18th
April, 1887.    By the terms of the will, Mrs. Robertson
devised the tract of land to said Charles E., but gave the
dwelling-house and one acre of land to said Wm. J. as a
home, so long as he lived on it, and when he left it was
to revert to Charles E.    Charles E. Robertson testified, as a
witness for his wife, that he had the conveyance to her pre-
pared, and executed it, on the day of its date, so soon as his
mother's will was admitted to probate, but carried it home
with him, kept it locked up, and never mentioned it to any
one until it was filed for record on 5th May, 1888; also, that

at the time of his mother's death, and prior thereto, Wm. J. Robertson was in the actual possession of the land, holding under their mother, who then lived with witness on another parcel of land; that Wm. J. Robertson remained on the land until January 17th, 1888, "when he left the place, and witness, as agent of his wife, rented the land to said Varner;" and further that, in November, 1888, "he bought out said Varner, and moved on the place himself with his family."

On these facts, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendant excepted to this charge, and she here assigns it as error.

MOORE & FINLEY, for appellant, cited *Brunson v. Brooks,* 68 Ala. 252; *King v. Paulk,* 85 Ala. 186; 69 Ala. 510; 68 Ala. 383; 65 Ala. 259.

GRAVES & BLAKEY, *contra,* cited *Wood v. Lake,* 62 Ala. 489; *King v. Paulk,* 85 Ala. 186; s. c., 86 Ala. 332; *McCarthy v. Nicrosi,* 72 Ala. 332; *Elsberry v. Boykin,* 65 Ala. 336.

STONE, C. J.—When Mrs. Durden recovered her judgment against William J. Robertson and Charles E. Robertson, June 16, 1887, Wm. J. was in possession of the land in controversy. It was not shown that Charles E. ever was in possession, or that any actual control over the land had been asserted for or in the name of Mrs. Chloe E. Robertson, until the lease to Varner was executed, January 17, 1888— seven months after Mrs. Durden's judgment was recovered. There is nothing decided in the case of *Brunson v. Brooks,* 68 Ala. 248, which can benefit Mrs. Chloe Robertson in this suit.

The appellant, Mrs. Chloe L. Robertson, derived all the title she has to the lands in controversy under the deed of her husband, Charles E., dated April 18, 1887. It is not, and can not be denied, that Chas. E. had become the owner of the land under the will of his mother. Being its owner, the land was liable to Mrs. Durden's judgment, unless the title had passed out of him before her lien attached. The deed of appellant not being recorded, nor filed for record, until May 5, 1888, was inoperative, and constructively fraudulent as against Mrs. Durden's judgment, recovered more than ten months before.—*Wood v. Lake,* 62 Ala. 489;

[Claflin & Co. v. Behr's Adm'r.]

*Watt v. Parsons*, 73 Ala. 202; *Tutwiler v. Montgomery*, *Ib.* 263.

Affirmed.