# Motley *v.* Jones.

### *Statutory Action of Ejectment.*

1. *Waiver of claim of exemption.*—Where the defendant in execution has filed his claim of exemption in the Probate Court, claiming a homestead in certain lands therein described, he will be held to have waived his right of homestead in other lands not embraced in said claim, and which have been levied on and sold as defendant's property.

2. *Registered judgment lien.*—A judgment registered in the office of the judge of probate in the manner required by Act of February 28th, 1887, and subsequent amendatory Acts, makes it a lien on all the property of the defendant in that county, which is subject to levy and sale under execution, which lien continues for ten years from the date of such registration.

3. *Deed void as to judgment creditors.*—A deed from the defendant in execution to his wife, which was unrecorded, and of which the execution creditor had no notice at the time of the rendition of his judgment, is void as to such execution creditor, or a purchaser at the execution sale.

4. *When possession of husband not referred to wife's title.*—When the husband has conveyed lands to the wife and both reside thereon, without any actual change in the possession, such residence is not notice to a judgment creditor of the wife's possession or title, where the deed to the wife is not recorded, and where there is no actual notice to the creditor at or before the rendition of his judgment.

[Motley v. Jones.]

Appeal from the City Court of Gadsden.

Tried before Hon. John H. Disque.

The appellant, Cora D. Motley, who was plaintiff in the court below, brought her action against the appellees, J. D. Jones and Mollie Jones, there the defendants, to recover two lots, No. 7 and No. 11, situated in the town of Attalla. The plaintiff claimed title under a sheriff's deed. It appeared that Alter, Pickard & Co. recovered a judgment in the Circuit Court of Etowah county against the defendant, J. D. Jones, on the 5th of April, 1887, that said judgment had been registered in the office of said county as provided in the Act of February 28th, 1887, on the 30th of January, 1888. That an execution issued on that judgment on the 18th of February, 1893, and was levied on the lands sued for, on the 3rd of March following, and said lands sold, and deed thereto made on same day to the plaintiff who was the purchaser at the execution sale. In defense of the action, the defendant, J. D. Jones, offered to show that he had sold and conveyed these lands to his wife, for a valuable consideration, in 1882, but which deed was never recorded until the 27th of March, 1893, after the purchase by plaintiff. To the introduction of this deed by the defendant, plaintiff objected on the ground that it was void as to the grantors of plaintiff, said judgment creditors, Alter, Pickard & Co., but the court overruled the objection and permitted said deed to be offered in evidence. To this the plaintiff excepted. The defendant then offered the record of his declaration of claim of exemption filed in the probate office on the 4th of March, 1893. In said claim only a part of the lands here sued for was named, viz., lot 7. The judge to whom the decision of the cause was referred, without a jury, rendered a judgment in favor of the plaintiff for said lot 7, but gave judgment for the defendants for lot 11. The plaintiff takes this appeal, assigning as error the ruling of the court in permitting the deed from J. D. Jones to his wife to be put in evidence in this case, and the judgment rendered by the court, denying plaintiff's right to recover both lots sued for.

Motley & Fleming, for appellants, cited § 2353 and § 2892 of the Code; *Bernstein v. Humes*, 60 Ala. 582; 71 Ala. 260; *McGee v. I. T. Nat. Bank*, 93 Ala. 192; *Chadwick v. Carson*, 78 Ala. 116; *Tutwiler v. Montgomery*, 73 Ala. 263; *King v. Paulk*, 85 Ala. 186; s. c. 86 Ala. 382; *Fitzgerald v. Williamson*, 85 Ala. 585; *Troy v. Walter Bros.*, 87 Ala. 233; *McCarty v. Nicrosi*, 72 Ala. 332; *Watt v. Pearson*, 73 Ala.

[Motley v. Jones.]

202; *Fash v. Ravesies,* 32 Ala. 451; *Cahalan v. Monroe,* 56 Ala. 303; 3 Brick. Dig. p. 340, §§ 95–6; *Love & Williams v. Powell,* 5 Ala. 58; *Fabel v. Boykin,* 55 Ala. 383; *Wilson v. Glenn,* 68 Ala. 383, and *Barclay v. Smith,* 66 Ala. 230.

DENSON, BILBRO & BURNETT, for appellees, cited 93 Ala. 195; *Tutwiler v. Montgomery,* 73 Ala. 268; *Goodbar, White & Co. v. Daniel,* 88 Ala. 589; 94 Ala. 511; 86 Ala. 357; 85 Ala. 579; 4 Ala. 587; *Seals v. Robinson,* 75 Ala. 372; 68 Ala. 252; 72 Ala. 334; 3 Brick. Dig. p. 491, § 20.

HARALSON, J.—The plaintiff, Cora Motley, who is the appellant, instituted this action in the City Court of Gadsden, against the defendants, J. D. Jones and his daughter, Mollie Jones, to recover possession of (1), lot eleven (11) in block thirteen (13), and (2) all that part of the east half of lot seven (7) in block thirteen (13), lying back of the store of M. P. White, in Attalla,—describing it by metes and bounds. The case was tried by the court, a jury having been waived, on the plea of not guilty, and judgment was rendered for the plaintiff for the lot (2), last described above.

It was shown by plaintiff, without conflict, that Alter, Pickard & Co. recovered judgment against the defendant, J. D. Jones, in the Circuit Court of Etowah county, on the 5th day of April, 1887, for $240 and costs, which judgment was duly filed and registered in the office of the judge of probate of said county, on the 30th of January, 1888, as provided by the Act of the Legislature of February 28th 1887.—Code of 1886, p. 635, n.; that an execution issued on said judgment, on the 18th of February, 1893, which, coming to the hands of the sheriff, on the 20th of February following, was by him levied, on the 3rd of March, 1893, on the lands described in the complaint; that after having advertised the same for sale, as required by law, on the 10th of April, 1893, he sold the same at public outcry to the highest bidder, for cash, and the plaintiff, Cora D. Motley, became the purchaser, at and for the sum of $50, bid by her for the land; that said sheriff, on the same day, by deed duly executed, and in consideration of said sale and purchase by her, conveyed to plaintiff, all the right, title, interest and claim of the defendant, J. D. Jones, in and to said land, and that written notice for the possession was served on the defendants, and notice of the levy given to said J. D. Jones.

The defendant introduced a deed, dated November 2d, 1882, executed by him, conveying to his wife, Emeline Jones, in consideration of $50, the lot first described in the com-

plaint, which was withheld from record and not filed, and not recorded until the 27th of March, 1893. To the introduction of this deed, the plaintiff objected, on the ground, that it was void as to the judgment creditors, Alter, Pickard & Co., in whose favor said judgment was rendered, and under which said lands were sold to the plaintiff; but the court admitted the same and the plaintiff excepted.

The defendant testified, that he executed said deed to his wife, in consideration of a lot she owned and had turned over to him; that he gave notice to the sheriff when he levied on it that it was his wife's property, who had died in the summer of 1887; that they had resided on the property together, and the debt for which the judgment had been rendered against him was contracted in the year 1880; that lot 7 was near the one on which he lived, there being an alley between the two; that he lived on lot 11 rented out lot 7; that defendant, Mollie Jones, was his daughter by his said wife, Emeline. It was further shown that defendant and his wife lived on lot 7 in the years 1881-2 and 3.

The defendant then introduced the record of his declaration of claim to certain real and personal property as exempt from levy and sale, filed in the office of the judge of probate of Etowah county, on the 4th day of March, 1893. In this claim of exemption, no part of the property sued for is claimed, except lot 7 in block 13, and the real and personal property claimed was valued at $1,200.

This being all the evidence, the court rendered a judgment as the bill of exceptions states, for the plaintiff, for the lot last mentioned in the complaint, and for the defendant for the other. The judgment entry recites a finding and judgment for the plaintiff for the lot last described, No. 7, in block 13.

The plaintiff appears and assigns as error the admission against her objection and exception of said deed of defendant to his wife, Emeline, and the failure and refusal of the court to render judgment in her favor for lot 11 in block 13, as well as for the other lot.

We may dispose of the claim of exemption from levy and sale of said lot eleven, by stating that the claim as filed in the office of the Probate Court, did not mention this, but other real estate. If the defendant made no claim to the homestead exemption, he waived it.—*Clark v. Spencer*, 75 Ala. 57.

As we have seen, Alter, Pickard & Co., recovered their judgment on the 5th April, 1887, which they filed and had reg-. istered in the office of the judge of probate of said county on

[Motley v. Jones.]

the 28th January, 1888, in the manner required by said Act of 28th Feb'y. 1887, and the acts amendatory thereof.     The effect of this filing and registration of said judgment, by the terms of said act, made it a lien upon all the property of the defendant in said county, which was subject to levy and sale under execution, which lien should continue for ten years, from the date of such registration.

The deed from defendant, J. D. Jones, to his wife, Emeline, was executed, as has been shown, on the 2nd of November, 1882, and was withheld from record, until the 27th of March, 1893, long after the judgment had been rendered against him in favor of said Alter, Pickard & Co., and after it had been recorded in the probate office of said county.     It was therefore void as to the plaintiffs in this suit, unless they had notice of said deed of which there is no evidence in the record.— *Wood v. Lake*, 62 Ala. 489 ; *Watt v. Parsons*, 73 Ala. 202 ; *Chadwick v. Carson*, 78 Ala. 116 ; *Robertson v. Durden*, 89 Ala. 500 ; *McGhee v. Importers & Traders Bank*, 93 Ala. 193.

This want of notice to the plaintiffs in execution, Alter, Pickard & Co. protected the purchaser at the execution sale. She succeeded to their rights, and as the purchaser at said sale, was entitled to all the advantages which accrued to them as judgment creditors from a lack of notice of said unrecorded deed.     The notice, therefore, which the defendants gave, at the time of the levy and sale, that the property belonged to Emeline Jones, at her death, and which was constructively given to plaintiffs in the record of said deed, was without any effect on her.— *Cahalan v. Monroe*, 56 Ala. 303 ; *Bartlett v. Varner*, 56 Ala. 580 ; *Moog v. Strang*, 69 Ala. 98 ; *Vancleave v. Wilson*, 73 Ala. 387 ; 3 Brick. Dig. 340, § 96.

Nor can it be said, that the possession of Mrs. Jones, after the deed by her husband to her, was notice to any one, of her title under said deed.     As there was no record of the conveyance by her husband to her, and no change of possession, the fact that the parties continued to live on the lot as before the deed, operated no notice, actual or constructive, that the title had passed out of said Jones to her.— *McCarthy v. Nicrosi*, 72 Ala. 332 ; *Watt v. Parsons*, 73 Ala. 202 ; *Troy v. Walter, Bros.*, 87 Ala. 237.

The deed from Jones to his wife was improperly admitted as evidence against the plaintiff.     It was void as to her, and the claim of exemption being without effect, we discover no reason why plaintiff was not entitled to recover the entire property sued for.     The court erred in not so finding.

Reversed and remanded.