[Rankin Mfg. Co. *et al.* v. Bishop *et al.*]

# Rankin Mfg. Co. *et al. v.* Bishop *et al.*

## *Statutory Action of Ejectment.*

1. *Registration of deeds; notice; when creditor not protected against unregistered conveyances.*—Actual notice of a transfer of land is as effective as against subsequent purchasers as is the registration of the instrument effecting the transfer under the statutes (Code, § 1005); and notice of facts which ought to put such purchasers on inquiry which, if pursued with proper diligence, would lead to knowledge of the transfer, is equivalent to actual notice, and therefore as a general rule actual, visible and exclusive possession taken and held under an unrecorded conveyance supplies the place of registration as against creditors and subsequent purchasers.

2. *Same; same; same; case at bar.*—Where after the execution of a conveyance by a husband to his wife of an undivided one-third interest in land, creditors of the husband file a bill seeking to have said conveyance declared fraudulent and said interest in the land subjected to the payment of the husband's debts, and the wife in answering said bill disclaims all interest in the property, but makes no suggestion as to who had the title thereto, and the husband adopts the disclaimer in his answer to the bill, and under a decree of the court, declaring said conveyance void, said interest is sold and the complainants become the purchasers, as against such purchasers a deed from said wife to a third person conveying the undivided one-third interest acquired from her husband, and dated long prior to the rendition of the decree of sale, but which was not recorded until after said decree, but under which the grantee went into open, visible and exclusive possession prior thereto, is not void under the provisions of the statute regulating the registration of deeds, (Code, § 1005); the disclaimer in the chancery suit and the possession of the grantee under the wife's deed being sufficient notice to take away from the purchaser at the judicial sale the protection of a *bona fide* purchaser for a valuable consideration without notice.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. M. SOLLIE, Special Judge.

This was a statutory action of ejectment brought by the appellants against appellees to recover an undivided one-third interest in certain specifically described lands. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the plaintiffs requested the court to give to the jury the general affirmative charge in their favor, and duly excepted to the court's to give said charge asked. The court at the request of the defendants gave the general affirmative charge in their favor, and to the giving of this charge the plaintiff duly excepted. There were verdict and judgment for the defendants. Plaintiffs appeal and assign as error the giving of the general affirmative charge requested by defendants, and the refusal to give the general affirmative charge requested by plaintiffs.

W. C. SWANSON and HARMON, DENT & WEIL, for appellants.—In order to constitute notice of an unrecorded conveyance there must be an actual, visible change in the possession at the time that the title is acquired.—*King v. Paulk,* 85 Ala. 186; Code, § 1005, and authorities cited.

Where, at the time of the contract of purchase, and the execution of an unrecorded deed, the land is in possession of tenants who continue their possession and occupancy, and the purchaser does not take possession until after the contract of purchase and the execution and delivery of the deed, the conveyance is void as against judgment creditors and purchasers for value. *King v. Paulk, supra;* Code, § 1005, and authorities cited.

While possession of land is sufficient to charge judgment creditors and purchacers with notice of ownership, the possession must be open, visible, exclusive and unambiguous, not liable to be misconstrued or misunderstood.—*Wells v. Mortgage Co.* 109 Ala. 430.

At the time plaintiffs obtained the decree under

which they became the purchasers of the land in controversy, the defendant, E. B. Bishop, was in possession, but his possession was not exclusive and unambiguous, since the probate records of Barbour county disclosed that the land was owned in common by him and one other person, so that his possession would be referred to his title of an undivided two-thirds interest.—*Wells v. Mortgage Co., supra.*

A judgment creditor at a sale, under his own execution, is bound by the amount of his bid which is a satisfaction in full, or in part as the case may be, of the amount of his judgment, or decree, and, therefore, a purchaser for value entitled to the protection of the statute against unrecorded conveyances.—*Goodbar v. Daniel,* 88 Ala. 583.

E. P. THOMAS and GEO. W. PEACH, *contra.*—Appellants are not *bona fide* purchasers, 1st, because they purchased at a judicial sale and the doctrine of *caveat emptor* applies.—*Ezzell v. Brown,* 121 Ala. 150; *Lindsay v. Cooper,* 94 Ala. 178; *Clemmans v. Cox,* 114 Ala. 350; *Bangs Bard v. Edwards,* 88 Ala. 583; *Thomas v. Glazener,* 90 Ala. 538.    2d, Because there has been a change of possession to E. B. Bishop, who was in the actual possession at the time of appellants purchase. *Caldwell v. Pollak,* 91 Ala. 358; *Fitzgerald v. Williamson,* 85 Ala. 585; *Tray v. Waller Bros.,* 87 Ala. 233. 3d, Because of the answers in chancery of Mary L. Bishop and Wm. L. Bishop disclaiming any interest in the land.    This being a link in appellants' chain of title they are chargeable with notice of all defects it discloses.—16 Amer. & Eng. Ency. of Law, (1st ed.), p. 798, and 44 Ala. 115.

Facts which put them on inquiry are sufficient to charge them with notice.—*McConnell v. Reed,* 38 Amer. Dec. 124; *Williamson v. Brown,* 15 N. Y. 354.

SHARPE, J.—This action was for the possession of an undivided interest of one-third in a tract of land called "the Reese place." Defendants other than E. B. Bishop are his tenants. Plaintiffs and defendant E. B.

18c

Bishop each claim to derive title through William A. Bishop, who, in the Reese place, owned a common and equal interest with D. B. Bishop and Clifford C. Bishop who is now Clifford C. Johnson, until January, 1891. Then William sold and conveyed his interest to his wife, Mary L. Bishop, who in December, 1891, contracted to sell it to defendant E. B. Bishop and who accordingly together with her husband, and for a fair consideration, amounting to $1,931, executed to defendant E. B. Bishop a deed to that interest on April 16, 1892. This deed was not recorded until October 19th, 1899.

On December 6th, 1892, plaintiffs, who were simple contract creditors of William A. Bishop, together with other such creditors, filed in chancery, a bill against William A. and Mary L. Bishop, alone seeking to have the conveyance to the latter declared fraudulent and to have the property embraced therein subjected to debts of William A. Bishop. Mary L. Bishop, in answering the bill, disclaimed all interest in the property here involved but made no suggestion as to who had the title thereto. This part of the answer was adopted by William A. Bishop into his answer to the bill. In that suit a decree was rendered March 20th, 1895, declaring that conveyance void, and directing a sale of the property. Thereunder on September 19th, 1899, a sale was made at which these plaintiffs bought, and received the register's deed to, the third interest in controversy at the price of fifty dollars, which was paid by crediting that sum on their debt against William A. Bishop.

Plaintiffs do not say defendant's purchase from Mary L. Bishop was in bad faith, or that the interest of defendant E. B. Bishop, he being a stranger to the chancery suit, was affected by the adjudication which was therein made against the validity of his grantor's title. The contention for plaintiffs' superiority in title over E. B. Bishop is based solely on the asserted ground that they obtained the decree and purchased the property at the chancery sale for a valuable consideration without notice of E. B. Bishop's purchase, and that in

consequence the latter's deed being unregistered, is as to them void under the provisions of section 1005 of the Code.

Actual notice of a transfer of land is as effective as against subsequent purchasers as is registration of the instrument which effects the transfer, and notice of facts which ought to put such purchasers on inquiry which if pursued with proper diligence would lead to knowledge of the transfer is equivalent to actual notice. Accordingly as a general rule, possession taken and held under an unrecorded conveyance supplies the place of registration as against creditors and subsequent purchasers.—*Tutwiler v. Montgomery*, 73 Ala. 263; *Brunson v. Brooks*, 68 Ala. 248; *Sawyers v. Baker*, 66 Ala. 292; *Burt v. Cassety*, 12 Ala. 734; *Fenno v. Sayre*, 3 Ala. 734. But this rule does not apply where there has been no visible change of possession. *King v. Paulk*, 85 Ala. 186; *Troy v. Walters*, 87 Ala. 233; *Watt v. Parsons*, 73 Ala. 202. And it has been held that the possession to operate a notice must be "open, visible, exclusive and unambiguous, not liable to be misconstrued or misunderstood."—*Wells v. American Mort. Co. etc.*, 109 Ala. 430; *Brunson v. Brooks*, supra.

The bill of exceptions discloses the following facts which, in addition to those above stated, bear on the question of notice. Neither of the original tenants in common of the Reese place ever occupied it personally. They had tenants who occupied it and paid rent to the joint owners. D. B. Bishop conveyed his third interest in the Reese place to E. B. Bishop by a deed made and recorded in 1891. In December, 1891, or January, 1892, defendant E. B. Bishop after having contracted with Mary L. Bishop for her interest, assumed the management of the Reese place and at the beginning of 1892, he informed the tenants of the change in ownership and made with them new contracts of rental and under him alone the same tenants remained on the place during that year. When he began to manage the place, E. B. Bishop lived about three miles from it, and from the time he so began he went on it nearly

every day until August, 1892, when he moved into what is called the large landlord's house situated on the Reese place and ever since has continued to live there openly claiming the place as his, and enjoying its rents and profits exclusively and without molestation and in ignorance of the pendency of the chancery suit until after the sale was made under the decree. On January 10th, 1893, Clifford C. Johnson conveyed to defendant the third interest outstanding in her by a deed which purported to convey the whole interest in the Reese place, and which was recorded September 4th, 1894.

The disclaimer of Mary L. Bishop in the chancery suit gave notice in solemn form of her lack of ownership in the property, and was equivalent to a suggestion if not an assertion that she had conveyed the interest received through the deed of William L. Bishop. The identity of her grantee, or of the owner of the property then sought to be subjected to the debt of plaintiffs, was a matter then calling specially for their investigation, because of the necessity of making parties to that suit, all persons whose interests were to be bound by the decree. Hence, the disclaimer was naturally calculated to turn inquiry on the character of E. B. Bishop's possession which, at least from the time he moved on the land, was in fact visible and exclusive. Such inquiry if pursued by plaintiffs, as it ought to have been, could hardly have failed to bring them knowledge of the acquirement of E. B. Bishop, of the property here in controversy. Under the evidence plaintiffs were chargeable with notice of E. B. Bishop's possession and were not entitled to protection as against the older title under which he and the other defendants claimed; hence, the trial court's action in giving the charge requested by defendants and in refusing the charge requested by plaintiffs was correct.

Judgment affirmed.